[Civ. No. 18373.   Second Dist., Div. One.   Oct. 30, 1951.]

EFFIE M. VIERA, Respondent, v. FRANK R. VIERA, Appellant.

Rinehart, Merriam, Parker & Berg and Jay D. Rinehart for Appellant.

No appearance for Respondent.

DRAPEAU, J.—The record discloses that on May 11, 1950, the parties hereto entered into a property settlement agreement which provided among other things that (a) defendant husband ''shall pay all bills contracted for household expenses prior to the separation of the parties on the 13th day of April, 1950; and shall also pay to the wife's attorney the sum of $140.00 to cover attorney's fees and costs in the pending divorce action No. D-396963, in accordance with the order heretofore made by the Superior Court of Los Angeles County in said cause on the 21st day of April, 1950''; (b) that ''each of the parties hereto shall, respectively, pay and discharge all bills and indebtedness of every character which they or either of them may have contracted subsequent to the 13th day of April, 1950''; and (c) that ''the wife shall never make or assert against the husband any claims or demands for support or maintenance, alimony, *counsel fees or court costs, except as herein otherwise expressly provided,* and the husband herein shall never at any time make or assert, as against the wife herein, any claims or demands for support or maintenance, it being expressly understood between the parties hereto that each is releasing the other from any and all such claims for support or maintenance.'' (Italics added.)

On July 7, 1950, plaintiff was granted a default divorce from defendant, and on July 20, 1950, defendant husband appealed from a portion of the interlocutory judgment of divorce. See *Viera* v. *Viera,* Civil No. 18196, *ante,* p. 179 [236 P.2d 630], this day decided.

On September 22, 1950, defendant husband was ordered to pay to plaintiff wife counsel fees and costs on appeal, pursuant to motion of plaintiff theretofore made for that purpose.

Defendant here appeals from that order on the ground that it is in direct violation of the terms of the property settlement agreement hereinbefore referred to.

It is true, as stated in *McCahan* v. *McCahan,* 47 Cal. App. 173, 175 [190 P. 458] that ''Our statute provides that during the pendency of a divorce action the court may in its discretion, compel the husband to pay the wife any money necessary to prosecute or defend the cause. (Civ. Code, sec. 137.) This power is not exhausted upon the rendition of the

judgment in the trial court, but continues during the pendency of the appeal. (*Bruce* v. *Bruce*, 160 Cal. 28, 30 [116 P. 66].)''

Also, section 1049, Code of Civil Procedure, provides: ''An action is deemed to be pending from the time of its commencement until its final determination upon an appeal, or until the time for appeal has passed, unless the judgment is sooner satisfied.''

■ On the other hand, it is also well established that ''Property settlement agreements occupy a favored position in the law of this state and are sanctioned by the Civil Code. (*Hill* v. *Hill*, 23 Cal.2d 82, 89 [142 P.2d 417]; *Hensley* v. *Hensley*, 179 Cal. 284, 287 [183 P. 445]; Civ. Code, §§ 158, 159.) Such agreements are usually made with the advice of counsel after careful negotiations, and the courts, in accord with legislative sanction, prefer agreement rather than litigation. (*Hill* v. *Hill*, *supra* at p. 89.) When the parties have finally agreed upon the division of their property, the courts are loath to disturb their agreement except for equitable considerations. A property settlement agreement, therefore, that is not tainted by fraud or compulsion or is not in violation of the confidential relationship of the parties is valid and binding on the court. (Citation of authorities.)'' *Adams* v. *Adams*, 29 Cal.2d 621, 624 [177 P.2d 265].

■ In the instant cause, respondent wife relied upon the property settlement agreement by pleading it in her amended complaint and praying that the court approve it. In addition to agreeing that the sum of $140 was to cover attorney's fees and costs in the pending divorce action, in accordance with an order made by the superior court on April 21, 1950; she also agreed that she would ''never make or assert against the husband any claims or demands for support or maintenance, alimony, counsel fees or court costs, except as herein otherwise expressly provided.''

While the property settlement agreement was not approved *in toto*, the interlocutory decree of divorce provided that ''defendant pay directly to Benjamin D. Mathon, attorney for plaintiff, the sum of $140.00 to cover attorney's fees and costs herein.''

In the circumstances, since the trial judge put his stamp of approval on those particular provisions of the property agreement relating to attorney's fees and costs by incorporat-

ing them in the judgment, and respondent expressly waived her right to further counsel fees or court costs, the order here in question was erroneous.

The order appealed from is reversed.

White, P. J., and Doran, J., concurred.