[L. A. No. 22431.   In Bank.   Jan. 8, 1954.]

LILLIAN R. FOX, Respondent, v. WILLIAM J. FOX, Appellant.

Wright, Wright, Green & Wright, Loyd Wright, Charles A. Loring and Dudley K. Wright for Appellant.

Stahlman & Cooper and Wallace E. Wolfe for Respondent.

TRAYNOR, J.—In 1947, plaintiff filed an action for divorce against defendant on the ground of extreme cruelty and prayed for a division of the community property and alimony. Thereafter the parties executed a separation agreement, and plaintiff amended her complaint to allege that by the terms of the agreement "all of the community property and rights therein and rights of support have been adjusted, settled and compromised." She prayed that "the Court approve and incorporate in the decree the terms of that certain Agreement and Property Settlement made, executed and entered into by the Plaintiff and Defendant on the 13th day of April, 1948, and require by the terms of its decree that the Defendant comply with the terms in said decree for him to be performed." Defendant defaulted, and an interlocutory decree was entered approving the agreement and expressly incorporating the provisions for the payment of alimony, which defendant was ordered to perform. The final decree was entered one year later. In 1952, plaintiff petitioned the court to increase the monthly payments from $400 to $700 per month on the ground of changed circumstances and requested attorney fees for presenting her motion. After a hearing the court entered its order increasing the monthly payments to $500 per month and awarding $100 attorney fees, and defendant has appealed.

Defendant contends that, although the monthly payments were labeled alimony both in the agreement and in the decree

based thereon, it is clear from an examination of the agreement as a whole that the provision for them was an integral part of a property settlement agreement and may not therefore be modified. We agree with this contention.

In their agreement the parties recited that they desired finally to settle all of their property rights and stated that "in consideration of the premises and of the covenants, agreements, releases, waivers and transfers herein made and herein agreed to be made by the parties hereto, one to the other, it has been and is hereby agreed between the parties as follows: . . .

"THIRD: It is understood and agreed that this settlement is to obtain at all times between the parties hereto regardless of any change in the marital relations between them and the happening of any other event shall not abrogate or affect this instrument.

"FOURTH: Nothing in this agreement shall be construed as precluding either party from bringing or defending or appearing in any suit for divorce, and in the event a divorce be granted to either party, this agreement may be incorporated in and become a part of any such decree of divorce entered. . . .

"SIXTH: Husband agrees to pay to the wife, as alimony, the sum of four hundred dollars ($400) per month, commencing May 12th, 1948, and continuing thereafter to and including the month of December, 1953, (except as otherwise herein provided) at which time all obligation on the part of the husband to make the aforesaid or any other payments to the wife for her support shall thereupon terminate."

The agreement then provided that payments for the support of the wife should terminate if she should remarry before December 31, 1953, and that after her remarriage or December 31, 1953, whichever occurred earlier, the husband should pay her $100 per month for the support of each of the two minor children of the parties. It also provided that if the husband's United States disability pension should be reduced, the support payments should be reduced $3.33 for each $10 reduction in the pension. In no event, however, was the wife to receive less than $200 per month.

The seventh, eighth and ninth paragraphs provided for a detailed division of the community property, including the payment of $8,000 cash to the wife, and adjusted rights with respect to insurance policies and a retirement fund.

The tenth paragraph provided: "Husband agrees to pay Blanche & Fueller, attorneys for the wife, as their attorneys' fees, the sum of three hundred dollars ($300) of which amount one hundred fifty dollars ($150) shall be payable upon the execution of this agreement by the parties hereto and the remaining one hundred fifty dollars ($150) of which shall be payable on or before ninety (90) days from date hereof. In consideration of the agreement of the husband to pay the aforesaid fees, the wife hereby agrees that in any action for divorce or separate maintenance between the parties hereto, whether the same be now pending or hereafter commenced, she will not make application for or seek to require the payment of any attorneys' fees whatsoever by the husband and that she will likewise pay such costs of suit involved in any such action herself and shall not call upon the husband to pay any part thereof.

"The wife further agrees that she will not, in any such action, apply for or seek from the husband any payment of alimony or support money for the children of the parties except in accordance with the provisions of this agreement."

█ In this case, as in *Dexter* v. *Dexter, ante,* p. 36 [265 P.2d 873], it is clear that the provisions for the support and maintenance of plaintiff are an integral and inseverable part of the property settlement agreement of the parties. The parties stated that they desired to effect a final settlement that would "obtain at all times between" them and expressly provided that the agreement was made in consideration of "the premises, and of the covenants, agreements, releases, waivers, and transfers herein made and herein agreed to be made." Thus plaintiff's express promise not to seek alimony other than as provided in the agreement, cannot now be abrogated without changing the property settlement agreement of the parties.

Plaintiff contends, however, that since the payments were labeled alimony, were to cease on her remarriage, and were subject to modification in the event of a reduction of defendant's pension, there is evidence to support the trial court's implied finding that they were solely alimony subject to modification. █ In the absence of conflicting extrinsic evidence, the interpretation placed upon the agreement by the trial court is not binding on this court on appeal. (*Estate of Platt,* 21 Cal.2d 343, 352 [131 P.2d 825]; *Lane* v. *Lane,* 117 Cal.App.2d 247, 251 [255 P.2d 110]; see, also, *Gosnell* v. *Webb,* 60 Cal.App.2d 1, 4 [139 P.2d 985]; *Miranda* v. *Mi-*

*randa,* 81 Cal.App.2d 61, 69 [183 P.2d 61].) ■ The labels adopted by the parties are not conclusive, since the agreement must be considered as a whole. (*Tuttle* v. *Tuttle,* 38 Cal.2d 419, 422 [240 P.2d 587] ; *Puckett* v. *Puckett,* 21 Cal.2d 833, 842 [136 P.2d 1] ; *Rich* v. *Rich,* 44 Cal.App.2d 526, 530 [112 P.2d 780].) ■ Moreover, as pointed out in the Dexter case, to the extent the monthly payments are designed to discharge the obligation of support and maintenance, they will ordinarily have some of the indicia of alimony. ■ Similarly, the fact that the payments might be reduced under certain specified circumstances does not indicate that they were alimony. ■ Not only may the parties include such provisions in agreements that are admittedly solely property settlements (*Hogarty* v. *Hogarty,* 188 Cal. 625, 628 [206 P. 79]), but the provision in this case lends support to the conclusion that at least part of the payments constituted a division of property as such. Thus in no event were the payments to fall below $200 per month, and they were to cease on a fixed date without reference to plaintiff's needs or defendant's ability to pay after that time.

■ The award of attorney fees was contrary to plaintiff's waiver of all fees other than the $300 provided for in the agreement. Since plaintiff has never attacked the agreement, and since its validity has been adjudicated in the divorce action, the trial court erred in awarding fees in violation of its terms. (*Patton* v. *Patton,* 32 Cal.2d 520, 523-525 [196 P.2d 909] ; *Viera* v. *Viera,* 107 Cal.App.2d 181, 183-184 [236 P.2d 632].)

The order is reversed.

Gibson, C. J., Shenk, J., Edmonds, J., Schauer, J., and Spence, J., concurred.

CARTER, J., Concurring and Dissenting.—I concur in the judgment reversing the order, but I disagree with some of the reasoning leading thereto.

In this case the parties had agreed that certain payments were to be made to the plaintiff; the portion of this agreement referring to said payments was incorporated in the decree of divorce. Upon application for modification, plaintiff wife was granted an increase in the monthly payments as well as additional attorneys' fees. Plaintiff contended that there was evidence to sustain the trial court's implied finding

that the payments were intended solely as alimony subject to modification. This court, in the majority opinion, says: "In the absence of conflicting extrinsic evidence, the interpretation placed upon the agreement by the trial court is not binding on this court on appeal." In effect, the majority is saying that there was insufficient evidence to support the trial court's implied finding that the payments were alimony and not a part of a property settlement agreement. This result flows naturally from its determination that the payments were part of a property settlement agreement.

This case, as well as the Dexter and Flynn cases, has run the full judicial gamut provided for in this state. This unnecessary and costly procedure could be avoided in the future *if* the rule were settled that where parties have agreed upon a division of their property, or for support and maintenance for one of them, and that agreement is found by the court in the divorce action to be fair and equitable, and approved by it, their agreement is considered as the sum of their rights and liabilities and is not subject to modification in the absence of a provision in the agreement to that effect. This is as it should be and would provide the necessary measure of stability in such cases. I have, in my dissents in the Flynn and Dexter cases, set forth the reasons for such a rule and the necessity for it in that parties, and their attorneys, should be able to rely upon the proposition that property and support rights arising out of the termination of a marital relationship once settled by agreement should remain settled and courts should not be called upon to decide whether the payments provided for are alimony or a part of a property settlement. As I said in my dissent in the Dexter case, when the parties have settled their property and support rights and liabilities by agreement which has been approved by the trial court as fair and equitable, the question as to the character of any payments to be made should be forever closed to inquiry. Whether or not the provisions of the agreement are incorporated in the decrees of divorce should only affect the remedy to be pursued in the event of a failure to comply therewith.

Because the parties hereto agreed for specific payments to be made and received and because plaintiff waived all rights to any other attorneys' fees than those set forth in the agreement, I would reverse the order appealed from.