48 Cal.2d 820 (1957)
313 P.2d 549
MARGARET L. PLUMER, Respondent,
v.
EVERETT T. PLUMER, Appellant.
Docket No. L.A. 24197.
Supreme Court of California. In Bank.
July 10, 1957.
*822 Fogel, McInerny & West, James E. West, Jr., and Steven Edmondson for Appellant.
Hahn, Ross & Saunders and E. Lloyd Saunders for Respondent.
TRAYNOR, J.
On September 22, 1954, plaintiff and defendant entered into an agreement "to effect a final and complete settlement of their respective property rights, support, alimony and custody of their child with reference to their marital status and to each other." Paragraph eight of the agreement obligates defendant to pay plaintiff $200 per month "for the support, maintenance, education, care and custody of said child until he shall reach the age of majority...." Paragraph nine provides that defendant shall pay plaintiff an additional $200 per month "as alimony for her support and maintenance...." In paragraph twenty-three each party releases the other from all present and future claims and rights to support, separate maintenance, alimony, court costs, attorneys' fees, and all property rights of any kind except as provided for in the agreement. Other paragraphs deal with the division of marital property, the payment of debts, future education of the child, and termination and modification of the support provisions.
*823 On November 1, 1954, an interlocutory decree of divorce was entered in plaintiff's favor, approving the agreement and ordering the performance of its terms. A final decree was entered on November 10, 1955, incorporating the provisions of the interlocutory decree. Plaintiff has since remarried.
On December 21, 1955, defendant filed an order to show cause why the payments for support of plaintiff and the child should not be reduced on the ground that his income had materially decreased. Plaintiff moved to dismiss the order to show cause on the grounds that the payments were ordered pursuant to an integrated property settlement agreement and could be reduced only in conformity with the provisions of the agreement relating to modification and that these did not encompass a decrease in defendant's income as a basis for modification. After referring the matter to a commissioner, who found in plaintiff's favor, the court dismissed the order to show cause. Defendant appeals, contending that the agreement is not integrated and that even if it is, a material reduction in his income is a ground for modification within the express provisions of the agreement.
[1] When an order for support payments in a divorce decree is based on an agreement of the parties, the possibility of subsequent modification of the order without the consent of both parties depends on the nature of the agreement. Prior to Adams v. Adams, 29 Cal.2d 621 [177 P.2d 265], the cases attempted to classify all separation agreements either as "property settlement" agreements or as "alimony" or "support and maintenance" agreements. (Ettlinger v. Ettlinger, 3 Cal.2d 172, 177-179 [44 P.2d 540]; Puckett v. Puckett, 21 Cal.2d 833, 841-842 [136 P.2d 1]; Hough v. Hough, 26 Cal.2d 605, 614-615 [160 P.2d 15].) If the underlying agreement was a "property settlement" agreement, the "support" order could not be modified without the consent of the parties. (Ettlinger v. Ettlinger, supra, 3 Cal.2d at 177-178.) Conversely, if the underlying agreement was for "alimony" or "support and maintenance," the support order was modifiable upon a showing of changed circumstances. (Hough v. Hough, supra, 26 Cal.2d at 612.) In Adams v. Adams, supra, 29 Cal.2d at 624-625, and in Dexter v. Dexter, 42 Cal.2d 36, 41 [265 P.2d 873], we recognized that hybrid agreements to settle not only property rights but rights and duties as to support are sui generis.
[2] The parties are free to limit their agreement to property rights. They may, for example, agree to a simple division. *824 Or they may agree that one party is to receive the lion's share of the marital property and the other money payments, not in satisfaction of a statutory right to support, but solely to equalize the division of the marital property; such an agreement is a true property settlement unconcerned with rights and duties as to support. The court, therefore, may approve the agreement and in addition order the payment of alimony (Adams v. Adams, supra, 29 Cal.2d at 625), and such an order is subject to modification on an adequate showing of changed circumstances. (Civ. Code, § 139.)
[3] The parties are likewise free to limit their agreement to their rights and duties as to support. They may, for example, agree that the wife will receive specified money payments in lieu of the statutory right to support. Such an agreement is a true "alimony" or "support and maintenance" agreement, and under the rule of Hough v. Hough, supra, 26 Cal.2d 605, 612, a support order based thereon is modifiable on an adequate showing of changed circumstances.
[4a] Frequently, however, the parties enter into a hybrid agreement as in the Adams and Dexter cases and in Messenger v. Messenger, 46 Cal.2d 619 [297 P.2d 988]. The possibility of modifying an order for support based on such an agreement without the consent of the parties, depends upon whether the provisions for division of property and the provisions for support are severable rather than integrated. If they are integrated the order may not be modified unless the parties have provided for or agreed to such a modification. (Dexter v. Dexter, supra, 42 Cal.2d at 40.)
[5] An agreement is integrated if the parties have agreed that the provisions relating to division of property and the provisions relating to support constitute reciprocal consideration. The support provisions are then necessarily part and parcel of a division of property. Such an agreement would be destroyed by subsequent modification of a support order based thereon, without the consent of the parties. (Dexter v. Dexter, supra, 42 Cal.2d at 41-42; Messenger v. Messenger, supra, 46 Cal.2d at 626, 627-628; Herda v. Herda, ante, pp. 228, 231-232 [308 P.2d 705].) It is immaterial whether or not the marital property is divided equally. (Dexter v. Dexter, supra, 42 Cal.2d at 43; Messenger v. Messenger, supra, 46 Cal.2d at 627-628.) It is immaterial that the amount of the marital property is small. (Herda v. Herda, supra, ante, at p. 232.) It is likewise immaterial that the agreement calls for payments for "support" or "alimony." (Messenger *825 v. Messenger, supra, 46 Cal.2d at 624-625 and cases there cited.)
[4b] A support order based upon an integrated agreement may be modified if the parties so provide. (Flynn v. Flynn, 42 Cal.2d 55, 61 [265 P.2d 865].) Absent such a provision, it cannot. [6] An agreement providing that the purpose of the parties is to reach a final settlement of their rights and duties with respect to both property and support, that they intend each provision to be in consideration for each of the other provisions, and that they waive all rights arising out of the marital relationship except those expressly set out in the agreement, will be deemed conclusive evidence that the parties intended an integrated agreement. (Messenger v. Messenger, supra, 46 Cal.2d at 628; Anderson v. Mart, 47 Cal.2d 274, 279 [303 P.2d 539]; Herda v. Herda, supra, ante, at p. 232.) Even absent one or more of the foregoing provisions, there may be other proof that the parties intended an integrated agreement. (Dexter v. Dexter, supra, 42 Cal.2d at 41.) [7] Thus, the parties may be uncertain as to the value or legal ownership of property. They may be uncertain which of them is entitled to a divorce and on what grounds and therefore uncertain as to their legal rights with respect to support and the division of property. An agreement for a specified division of property and specified support payments settling such uncertainties is integrated in the absence of convincing proof that the parties intended it to be severable. (See Dexter v. Dexter, supra, 42 Cal.2d at 43; Messenger v. Messenger, supra, 46 Cal.2d at 627-628.)
[8] Under the foregoing rules the agreement in the present case is clearly integrated. It deals both with rights to marital property and rights to support. The parties have set forth their purpose "to effect a final and complete settlement of their ... rights ... with reference to their marital status and to each other." They have released each other from all claims arising out of the marital relationship except as provided in the agreement. The inference is clear that the parties intended an integrated agreement. It is not necessary that the parties expressly recite such an intent when the agreement itself makes the intent clear. (Dexter v. Dexter, supra, 42 Cal.2d at 41.)
[4c] Our conclusion that the agreement is integrated, however, does not dispose of the case, for, as noted earlier, an order for support based upon an integrated agreement may be modified if the parties have expressly so provided. (Flynn v. *826 Flynn, supra, 42 Cal.2d at 61.) [9] Paragraph ten of the agreement provides: "For purposes of this agreement no earnings of Wife or other income obtained by her shall be considered as a `changed condition' and taken into consideration in connection with any attempt of Husband to obtain a reduction in payment for support of Wife or said child, ... except such portion of said earnings or other income as shall exceed the gross average monthly sum of Two Hundred Fifty Dollars...." Both parties concede that this part of the agreement provides for modification of the court's support orders. Plaintiff contends, however, that the provision should be read as recognizing only a single ground for modification, namely, earnings or other income obtained by plaintiff in excess of an average of $250 per month. The plain language of the provision, however, indicates that the parties contemplated modification upon an adequate showing of changed circumstances with a single limitation, that so long as plaintiff's earnings or other income did not exceed the monthly average of $250, any increase in her income would not be considered a changed condition. We conclude, therefore, that upon a proper showing of a material reduction in defendant's income, the trial court may in its judicial discretion modify its order requiring payments for the support of plaintiff and the child.
[10] Plaintiff contends that a reduction in the amount of the payments for her support would violate a provision found in paragraph nine of the agreement, which reads: "Husband's obligation to pay said alimony to Wife shall cease upon her death or remarriage, except that in the case of her remarriage said payments shall be continued until five (5) years from September 25, 1954, notwithstanding the fact that Wife may have remarried within said period of time." This provision, however, deals only with the termination of support payments, not with their modification. It provides only that "payments" shall continue, and a reduction in the amount of the payments pursuant to paragraph ten will not violate its terms.
The order dismissing defendant's application for modification of the decree is reversed for proceedings consistent with this opinion.
Gibson, C.J., Spence, J., and McComb, J., concurred.
Shenk, J., and Schauer, J., concurred in the judgment.
CARTER, J.
I dissent.
The majority opinion is inconsistent in itself as well as *827 with prior decisions of this court. In the case at bar it is held, by the majority, that the agreement under consideration was an integrated property settlement agreement which could not be modified unless the parties had agreed to a modification. Then it is held that despite the fact that the agreement provided only one condition upon which the provisions could be modified, that defendant was entitled to a modification because his income had been reduced  a condition not mentioned in the agreement.
Paragraph 10 makes provision for the modification of the agreement as follows: "For purposes of this agreement no earnings of Wife or other income obtained by her shall be considered as a `changed condition' and taken into consideration in connection with any attempt of Husband to obtain a reduction in payment for support of Wife or said child, John Daniel Plumer, except such portion of said earnings or other income as shall exceed the gross average monthly sum of Two Hundred Fifty Dollars ($250.00). `Average Monthly' earnings or income shall be computed on the basis of the total earnings or income of Wife (other than Husband's payments to her) for the twelve months prior to the filing of Husband's petition for reduction divided by twelve." The agreement is completely silent as to any other provision or stipulation for modification of the support payments to be made by the husband. A majority of this court adds its own provision for modification to an admittedly integrated agreement and concludes "that upon a proper showing of a material reduction in defendant's income, the trial court may in its judicial discretion modify its order requiring payments for the support of plaintiff and the child." That the support and maintenance provisions of the agreement were intended as a division of property is clearly shown by the provision in the agreement that the payments to the wife shall continue until her remarriage but that notwithstanding her remarriage the payments are to be continued until five years from September 25, 1954. In other words the parties intended that the wife was to receive a certain sum of money whether or not she remarried. A more complete expression of the parties' intention as to the division of their property is difficult to imagine. The majority, sensing a need to gloss over its interference with the parties' agreement, tells us that the provision whereby plaintiff was to receive payments for five years from September 25, 1954, was a provision dealing "only with the termination of support payments, not with their modification. *828 It provides only that `payments' shall continue, and a reduction in the amount of the payments pursuant to paragraph ten will not violate its terms." The parties contemplated only one reason for modifying the payments and that was if the plaintiff's separate income exceeded $250 exclusive of the payments made to her by defendant. A majority of this court has expanded the parties' agreement to include another reason  a reduction in the defendant husband's income.
I am firmly of the opinion that, in the absence of consent by the parties, a court has no power to modify an agreement, whether as to a division of their property or for the purpose of support, entered into by the parties when there has been no fraud, overreaching or undue influence. Anything said by me to the contrary in the case of Hough v. Hough, 26 Cal.2d 605 [160 P.2d 15], is hereby expressly disapproved by me. In subsequent cases I have made my views clearly known (see concurring and dissenting opinions in Dexter v. Dexter, 42 Cal.2d 36, 44 [265 P.2d 873]; Fox v. Fox, 42 Cal.2d 49, 53 [265 P.2d 881]; Flynn v. Flynn, 42 Cal.2d 55, 62 [265 P.2d 865]; Anderson v. Mart, 47 Cal.2d 274, 284 [303 P.2d 539]; Herda v. Herda, ante, pp. 228, 235 [308 P.2d 705]; and concurring opinion in Messenger v. Messenger, 46 Cal.2d 619, 630 [297 P.2d 988]). I feel that since the code (Civ. Code, §§ 158, 159, 175) gives to the parties the right to contract with each other, their contract (in the absence of fraud or overreaching) should be accorded the same dignity accorded other contracts.
In Dexter v. Dexter, supra, 42 Cal.2d 36, 42, a majority of this court there held: "... the court cannot, after the interlocutory decree has become final, add a provision for alimony or modify the amount of payments ordered pursuant to a property settlement agreement. Accordingly, if plaintiff was satisfied with her contract whereby she had made the support and maintenance provisions an integral part of the settlement of property rights and had tenable grounds for setting it aside, she should have attacked the agreement before the interlocutory decree was entered. She cannot, however, after having secured its approval by the court and having accepted the benefits thereof, now seek relief inconsistent with its terms." (Emphasis added.) In the case at bar the majority admits that the agreement involved was an integrated property settlement agreement. It is even admitted that a property settlement agreement containing support provisions cannot be modified in the absence of a provision in the agreement *829 providing for modification. Having paid lip service to prior decisions, the majority then writes in its own provision for modification. It is at once apparent that the majority holding in the case at bar is directly contrary to what was held and said in the Dexter case in the passage heretofore quoted. In the case at bar, defendant husband accepted the benefits of his bargain and now seeks to be relieved of the burdens.
In Fox v. Fox, supra, 42 Cal.2d 49, 52, 53, a majority of this court said: "... it is clear that the provisions for the support and maintenance of plaintiff are an integral and inseverable part of the property settlement agreement of the parties." And "Similarly, the fact that the payments might be reduced under certain specified circumstances does not indicate that they were alimony. Not only may the parties include such provisions in agreements that are admittedly solely property settlements (Hogarty v. Hogarty, 188 Cal. 625, 628 [206 P. 79]), but the provision in this case lends support to the conclusion that at least part of the payments constituted a division of property as such. Thus in no event were the payments to fall below $200 per month, and they were to cease on a fixed date without reference to plaintiff's needs or defendant's ability to pay after that time." (Emphasis added.) It should be recalled that in the case at bar plaintiff was to receive a definite sum regardless of her needs and regardless of defendant's ability to pay; and that the payments were to continue until a certain date regardless of plaintiff's remarriage. Only one specified condition was made for modification and that condition has not been met.
In Flynn v. Flynn, supra, 42 Cal.2d 55, 60, a majority of this court held: "An examination of the property settlement incorporated by reference in the interlocutory decree makes clear that it is an integrated bargain of the type considered in Dexter v. Dexter, ante, p. 36 [265 P.2d 873], and Fox v. Fox, ante, p. 49 [265 P.2d 881]. Accordingly, the provisions for monthly payments may not be modified contrary to its terms.... Since the parties have provided that the court may modify the payments ordered pursuant to the terms of their agreement, the court has jurisdiction to do so in accordance with the agreement." (Emphasis added.) It was concluded that the defendant might "renew his motion for a reduction in the monthly payments in accordance with the terms of the property settlement agreement any time the facts so justify."
*830 It appears to me that it should be obvious to lawyers and laymen alike that the holding in the case at bar is wholly inconsistent with the holding in the Flynn case.
In Messenger v. Messenger, supra, 46 Cal.2d 619, 626, a majority of this court held that "... the parties have made the provision for support an integral part of their property settlement agreement." That "Plaintiff was entitled to agree ... to an equal division of the community property in exchange for support and maintenance payments that could not be reduced." And that "With such conclusive evidence of integration, the provisions for support and maintenance or alimony would be subject to modification only if the parties expressly so provided. (See Flynn v. Flynn, supra, 42 Cal.2d 55, 61, and cases cited.) The court may not, however, `insert what has been omitted' (Code Civ. Proc., § 1858) and thereby abrogate the clearly expressed agreement of the parties." (Emphasis added.) In the case at bar this court has "inserted what has been omitted" and has, thereby, abrogated the "clearly expressed agreement of the parties"! So, again, the majority opinion is clearly inconsistent with its opinion in the Messenger case.
In Anderson v. Mart, supra, 47 Cal.2d 274, 279, a majority of this court, quoting from the Messenger case, held that the conclusion was inescapable that the parties had made the provision for the wife's support an integral part of the property settlement agreement. It was held that since the property settlement agreement made no provision for termination of the support payments to the wife and since the parties had not, in accordance with their agreement entered into a written modification of its terms, that the wife was entitled to recover from the husband's estate the present value of the amount attributable to her support for the remainder of her life expectancy. The majority held, again quoting from the Messenger case, that "... the provisions for support and maintenance or alimony would be subject to modification only if the parties expressly so provided." The court refused to consider defendant's theory that the support provisions were intended by the parties to end with the death of the payor and held that since there had been no written modification as provided for in the agreement the payments did not terminate. In the case at bar, no provision was made for modification of the wife's support payments in the event of a decrease in the husband's income but the majority of this court has generously supplied that omission and has *831 abrogated the parties' clearly expressed agreement. (See Messenger v. Messenger, 46 Cal.2d 619, 626 [297 P.2d 988].)
As I pointed out in my dissenting opinion in Herda v. Herda, supra, ante, pp. 228, 235, the majority reached an entirely different result on similar facts than was reached in the Anderson case. Here again it was held by the majority that the support payments were an integral and inseparable part of the property settlement agreement entered into between the parties. But even though no termination date was expressed in the agreement and even though no mention was made concerning the termination of the payments on the wife's remarriage or the death of the husband, a majority of this court held that "Since the agreement in the present case dealt primarily with support rights and the payments were described as for support and maintenance, it would be unreasonable to conclude that the agreement contemplated that the payments should continue for plaintiff's [wife's] benefit after the obligation to support the children had terminated...." (Emphasis added.) In both the Herda and Anderson cases where different results were reached the majority relies upon the Messenger case. Because there was no provision for the support payments to cease upon the husband's death, the majority in the Anderson case held that plaintiff was entitled to recover from the husband's estate for the balance of her life expectancy; in the Herda case, even though there was no provision for the wife's support payments to cease on her remarriage, the majority held that "it would be unreasonable to conclude" that the parties had not intended such payments to cease when the wife remarried.
As long as a majority of this court continues to rewrite the parties' agreements for them, add provisions which are not present, constitute itself the trier of fact and, in general, refuses to permit property settlement agreements to be enforced according to the rules applicable to other contracts, this state of ultimate confusion will exist in this field of the law in California. It is unfortunate that this court is the court of last resort in this field and that there is no higher authority to lay down a workable rule of law so that attorneys can, with some measure of certainty, advise their clients.
I would affirm the order dismissing defendant's application for modification of the decree.