WOOD, P. J.
This is a proceeding to review an order of the superior court adjudging petitioner, Robert L. Hough, guilty of contempt of court and sentencing him to imprisonment in the county jail for five days.
On February 19,1958, Barbara J. Hough, wife of petitioner, obtained an interlocutory decree of divorce. That judgment approved and incorporated therein by reference certain executory provisions of a property settlement agreement, and the parties were ordered to comply with those provisions of said agreement. Those provisions of the agreement, as incorporated in the judgment, were that petitioner (husband) would pay (1) to the wife $500 at the rate of $100 a month, (2) for the support of the child $5.00 a week; and (3) to a babysitter $15 a week.
On February 25, 1959, the wife obtained orders that petitioner show cause on March 13, 1959, (1) why the interlocutory judgment of February 19, 1958, should not be modified to provide that petitioner should pay $20 a week for the support of the child (instead of $5.00 a week) ; and (2) why petitioner should not be adjudged guilty of contempt of court for failure to make the payments as required by the interlocutory judgment.
On March 13, 1959, the orders to show cause in re modification and contempt of court were placed off calendar.
On May 15,1959, the wife obtained an order that petitioner show cause on May 29, 1959, (1) why the interlocutory judgment should not be modified to provide that petitioner should pay $20 a week for support of the child; and (2) why petitioner should not be adjudged guilty of contempt of court for failure to make the payments as required by the interlocutory judgment. In the wife’s affidavit, filed in connection with her application for the order to show cause in re contempt, she stated that the amount paid to her was $346, and that the amount which had not been paid to her was $154 (delinquent) ; that $85 had been paid for child support, and the amount unpaid (delinquent) for child support was $235; that the amount paid to the babysitter was $671, and the amount unpaid for services of the babysitter was $289. She also stated in her affidavit that petitioner had made payments over a period of time without designating which account the payments should be credited to; and that she “designates said payments to the accounts set out hereinabove [in the affidavit] and to those oldest in time.” The accounts, as she set them out in the affidavit, show that she credited practically all of *345 the payments to herself and the babysitter. The total amount paid was $1,117, and she credited $85 of that amount for child support.
On May 29,1959, at the hearing of the orders to show cause, the court made an order, pursuant to an oral stipulation, that the interlocutory judgment be modified, as follows: petitioner shall no longer be required to pay the babysitter’s fee; and petitioner is ordered to pay $20 a week to the wife for the support of the child. The order also stated that, pursuant to stipulation, the petitioner was delinquent in payments, as follows: support of wife—payments pursuant to property settlement agreement, $154; support of child, $235; payments to babysitter, $289. It was stated therein that the total arrearage was $678. That order directed petitioner to pay said arrearage at the rate of $5.00 a week. The order to show cause in re contempt was continued to August 28, 1959.
On said August 28, at the hearing in re contempt, the court made a minute order which was in part, as follows: “Plaintiff [petitioner] is found to have had the ability to comply with previous' order of court and has wilfully failed, neglected and refused to do so. Plaintiff is found guilty of contempt and is sentenced to 5 days in the County Jail. The imposition of this sentence is suspended until September 1, 1959, at 9 A.M., at which time plaintiff is ordered to surrender to the Bailiff in SM ‘D.’ Arrearages are found to be in the sum of $678.00.”
Petitioner contends that the order adjudging him guilty of contempt of court was invalid because the property settlement agreement, which was incorporated in the interlocutory judgment, was an integrated property settlement agreement, and because the order for imprisonment for failure to make the payments, under the agreement, was in violation of article I, section 15, of the California Constitution which provides that no person shall be imprisoned for debt.
The property settlement agreement provided, in part: ‘ ‘ The wife does, and shall, accept the provisions herein made for her in full satisfaction of her rights to the community property of the respective parties thereto, and in full satisfaction of her right to support and maintenance.
“The payment to the wife, as above set forth, and her waiver of other support and alimony, form an integral and inseverable part of the property division, and an inseverable part of the consideration for the property settlement.
*346 “The parties hereto intend to, and do, by this Property Settlement Agreement, make a complete and final settlement of all of their respective property rights and respective support obligations, each to the other, if any.
“No modification, or waiver, of any of the terms hereof shall be valid unless in writing, and signed by both of the parties hereto.
“This is intended to be a full and complete property settlement between the parties hereto, and is intended to be a complete release of the obligations which existed between the parties hereto for the support and maintenance of each by the other by reason of said marriage or otherwise, and the parties hereby expressly release each other of any hold or obligation of any nature whatsoever from the beginning of the world to this date.”
“An agreement is integrated if the parties have agreed that the provisions relating to division of property and the provisions relating to support constitute reciprocal consideration. The support provisions are then necessarily part and parcel of a division of property. Such an agreement would be destroyed by subsequent modification of a support order based thereon, without the consent of the parties.” (Plumer v. Plumer, 48 Cal.2d 820, 824 [313 P.2d 549].) It was also said in the case last cited, at page 825: “An agreement providing that the purpose of the parties is to reach a final settlement of their rights and duties with respect to both property and support, that they intend each provision to be in consideration for each of the other provisions, and that they waive all rights arising out of the marital relationship except those expressly set out in the agreement, will be deemed conclusive evidence that the parties intended an integrated agreement.”
In Bradley v. Superior Court, 48 Cal.2d 509 [310 P.2d 634], an order adjudging a person in contempt of court for failure to make payments, provided for in a property settlement agreement, was annulled. In that case it was said at page 522: “We are satisfied that the better view is that payments provided in a property settlement agreement which are found to constitute an adjustment of property interests, rather than a severable provision for alimony, should be held to fall within the constitutional proscription against imprisonment for debt. That is, if the obligation sought to *347 be enforced is contractual and negotiated, as distinguished from marital and imposed by law, even though the contract relates to marriage obligations, the remedy must be appropriate to the right asserted.”
Also, it was said in the Bradley case, supra, at pages 522 and 523: “Inasmuch as it has been finally determined, as between these parties, that the payments to be made by petitioner to Frances [wife] in the present case constitute ‘an inseverable part of an integrated adjustment of all property relations of the parties and not ... a severable provision for alimony’ [citation], we conclude that enforcement of such payments by contempt proceedings is forbidden by the constitutional prohibition against imprisonment for debt.”
In the present ease, the portion of the property settlement agreement which provides for payments to the wife was negotiated and was an inseverable part of the agreement between the husband and wife settling their rights and was an integrated property settlement agreement. As above stated, the agreement provided: “The payment to the wife as above set forth, and her waiver of other support and alimony, form an integral and inseverable part of the property division, and an inseverable part of the consideration for the property settlement,” and, “No modification, or waiver, of any of the terms hereof shall be valid unless in writing, and signed by both of the parties hereto.”
Also, it appears that the portion of the agreement with reference to paying the babysitter was not a law-imposed obligation,' but it was negotiated and was an integrated property settlement agreement. According to the agreement, those payments were to be made directly to the babysitter. The fact that there was a separate provision in the agreement (and in the judgment) which specifically referred to child support, indicates that the payments for the babysitter were not intended to be classified as child support.
Apparently the provision in the judgment that $5.00 a week should be paid for child support was based upon a negotiated property settlement agreement of the parties. It is not clear that said provision was a part of such an integrated agreement. Since there was a law-imposed obligation that the petiitoner should support the child, it will be assumed herein that the provision for support was not a part of an integrated agreement.
As above indicated by the Plumer and Bradley cases, a provision for payments which is a part of an integrated *348 property settlement agreement is not enforcible by a contempt proceeding. In the present ease, since the provisions for payments to the wife and to the babysitter are parts of such an integrated agreement, it would not be proper to find petitioner guilty of contempt for failure to make those payments.
It is to be noted that the order of August 28 finding petitioner guilty of contempt stated that he “had the ability to comply with previous order of court and has wilfully, failed, neglected and refused to do so.” (Emphasis added.) A previous order of the court was the original interlocutory judgment of February 19, 1958. Another previous order of the court was the modification of the interlocutory decree which was made on May 29,1959. In the original interlocutory judgment there were three orders with reference to payments —the one regarding payments to the wife, another regarding payments to the babysitter, and another regarding child support. In the modification of the interlocutory decree, there was another order, which was that petitioner pay the arrearages of $678 at the rate of $5.00 a week. Since there were several “previous” orders of the court, it cannot be ascertained which “previous order” was referred to in the order of August 28 wherein petitioner was found guilty of contempt. If the reference was to the “previous order” for payments to the wife, or to the “previous order” for payments to the babysitter, the order so referred to would not be a proper basis for an adjudication of contempt of court, since those orders were founded upon an integrated property settlement agreement. If the reference was to the “previous order” for payment of $5.00 a week for child support, the order adjudging petitioner guilty of contempt was deficient in that it did not designate which of such payments (for child support) he had failed to make. There is a statement in the order finding petitioner guilty of contempt, as follows: “Arrearages are found to be in the sum of $678.00.” It is clear that said amount included the amounts unpaid to the wife and the babysitter, which amounts were due under the integrated property settlement and could not be the basis for an adjudication of contempt. The order finding petitioner guilty of contempt was indefinite and uncertain as to the basis for making the order. [6] In reviewing proceedings in re contempt of court, “No intendments or presumptions can be indulged in aid of the sufficiency of the proceedings.” (Warner v. Superior Court, 126 Cal.App.2d 821, 824 [273 P.2d 89].) [7] In a *349 contempt proceeding the accused is entitled to be clearly and fairly apprised of the particular basis for the adjudication of contempt.
Furthermore, it is to be noted that at the hearing on May 29 in re modification of the interlocutory judgment, the court made an order that the arrearages of $678 were to be paid at the rate of $5.00 a week. The order to show cause in re contempt which was then before the court for hearing pertained to unpaid amounts which were a part of, or the whole of, that total amount of $678. When the court modified the interlocutory judgment so that the amounts unpaid under the original judgment might be paid thereafter at the rate of $5.00 a week, it would seem that after such modification the petitioner should not be held to be in contempt of court for having failed, prior to the modification, to make the payments. In other words, it would seem that such modification had the legal effect of granting relief from any charge of contempt based upon prior failure to make the payments. With respect to failure thereafter, if any, to pay at the rate of $5.00 a week, there was no order to show cause in re contempt.
The order adjudging the petitioner guilty of contempt of court, and sentencing him to imprisonment as punishment therefor, is annulled.
Fourt, J., concurred.