**PANTALEONA T. AQUINO, Plaintiff**

v.

**ERNESTO L. AQUINO, Defendant**

Domestic No. 185-75

Superior Court of Guam

October 7, 1976

ABBATE, *Judge*

### DECISION

On 18 March, 1976 the Honorable Janet Healy Weeks rendered nunc pro tunc an interlocutory judgment of divorce, after the court heard uncontested testimony pursuant to Plaintiff's Complaint in Divorce, filed April 29, 1975. A Separation Agreement executed between Plaintiff and Defendant on December 1, 1975 was incorporated by reference into the decree and made a part thereof, ". . . and the property settlement contained therein is hereby made binding on the parties affected as if set forth in this Decree in full".

Plaintiff on August 19, 1976, filed an Order to Show Cause, compelling Defendant to appear in court on September 2nd to explain alleged non-compliance with the Separation Agreement. On September 2nd and 3rd this court heard testimony and oral argument on Plaintiff's cause.

Defendant on August 30, 1976, filed an Order to Show Cause in Re Modification of Order for Alimony and

345

Support, and it too was scheduled for hearing on September 2nd. However, Defendant decided to reschedule this action for a separate hearing at a later date.

This court has jurisdiction to enforce the provisions, both support and property settlement provisions, of the integrated Marital Separation Agreement since that agreement was fully incorporated into the Decree and the parties were ordered by the court to comply with its provisions. On the other hand, this court does not have jurisdiction to modify the support or property settlement provisions because the Marital Separation Agreement itself does not provide for modification. *Plumer v. Plumer*, 313 P.2d 549 (1957), *Dexter v. Dexter*, 265 P.2d 873 (1954).

The court held in abeyance its determinations in this case, and after due deliberation decides the following:

(1) Defendant is ordered to pay the following amount of alimony currently overdue:

| | |
|---|---|
| December, 1975 | $800.00 |
| August, 1976 | $450.00 |

(2) Defendant is ordered to make the following payments due Plaintiff for real estate settlements:

| | |
|---|---|
| Lot 5110 | $5,861.07 |
| Lot 5119 | $1,100.00 |
| Lot 5223 | $24.00 |

(3) Defendant is ordered to pay $200.00 in child support, this amount owable from December 1975. As to child-related payments for the minor child, Defendant is ordered to reimburse Plaintiff for these expenses only:

| | |
|---|---|
| Bus Service | $256.00 |
| Clothing | $64.40 |

(4) By stipulation Plaintiff agreed to drop the request for deprivation of Defendant's child visitation rights in residence.

(5) Regarding furniture, Defendant is ordered to pay Plaintiff the $175.00 received from the sale of two (2)

■■■■■■■

items, and to make available to Plaintiff all other furniture from the "Perezville House". However, Plaintiff shall absorb any and all costs of moving said furniture to the desired location.

(6) No accounting by Defendant is required.

(7) Defendant is not required to pay Plaintiff's counsel fees.

Submit order.