I concur with the majority opinion. However, I would add that the agreement of the parties, which was incorporated into the trial court's original decree, although not so found by the trial court, might well constitute an "integrated bargain" agreement.
In the "integrated bargain" category of agreement, the amount of alimony to be paid for support and maintenance has been established by the parties by taking into account the property settlement features of the agreement. In other words, "`integrated bargain' agreements [provide] for both support and division of property, but with the entire provision for one spouse being in consideration for the entire provision for the other, so that the support and property terms are inseparable." 61 A.L.R.3d 520, 529. Alimony payments thus established may not thereafter be modified by the court without the consent of both parties.
The rationale for the latter principle is clear. The parties have agreed that the support payments and the provisions relating to the division of property are reciprocal consideration. To modify the alimony provision might drastically alter the entire character of the property settlement agreement to the detriment of one of the parties. Hence, the trial court may not modify the alimony provision of the "integrated bargain" without the consent of both parties.See Plumer v. Plumer, 48 Cal.2d 820, 313 P.2d 549 (1957); Foxv. Fox, 42 Cal.2d 49, 265 P.2d 881 (1954); Movius v. Movius,163 Mont. 463, 517 P.2d 884 (1974). *Page 52