Filed 11/7/14  Marriage of Kiefer CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re the Marriage of DENNY L. and CATHERINE D. KIEFER. | D064973 |
| DENNY L. KIEFER,<br><br>    Appellant,<br><br>    v.<br><br>CATHERINE D. KIEFER,<br><br>    Respondent. | (Super. Ct. No. ED68190) |

APPEAL from an order of the Superior Court of San Diego County, Darlene A. White, Judge.  Affirmed.

Patrick J. McCrary for Appellant.

No appearance for Respondent.

In 2009, the court entered an order (the Order) requiring Denny Kiefer (Denny) to pay child support for his child for a certain period, and also ordered him to pay spousal support to his former wife, Catherine Kiefer (Catherine).  Denny stopped paying spousal support after December 2012, and Catherine filed a motion seeking to enforce Denny's

alleged obligation and to set an arrearages amount. Denny opposed the motion, contending the language of the Order made the obligation to pay spousal support coextensive with the obligation to pay child support and, because the child support obligation had expired, his obligation to pay spousal support had also expired.

The court examined the language of the Order in the context of the transcript of the underlying proceedings, concluded the spousal support obligation did not terminate on expiration of Denny's child support obligations, and granted Catherine's motion for an order enforcing the spousal support order and setting arrearages. On appeal, Denny contends the trial court's construction of the Order was erroneous, arguing the language of that order clearly and unambiguously made the obligation to pay spousal support coextensive with the obligation to pay child support, and it was error for the trial court to consider parol evidence to interpret that order.

FACTUAL AND PROCEDURAL BACKGROUND

In dissolution proceedings following a long-term marriage, the court held a contested hearing on the issues of child and spousal support in March 2008. The court made extensive findings on various factors pursuant to Family Code section 4320, and entered the Order that Denny pay child support of $650 per month until their daughter (then nearly 16-1/2 years old) reached the earlier of 19 years of age or 18 years of age and not a full-time high school student. The court also ordered Denny to pay a reduced monthly spousal support payment of $1220 per month, but specified:

> "This order shall not be a final order. This order shall remain in
> effect for as long as there is a child support obligation. The parties

2

should return to court to determine spousal support at the expiration of the child support obligation."

In December 2012 Denny informed Catherine that he would cease paying spousal support. Catherine moved to enforce the Order's spousal support obligations, and to set arrearages. Denny opposed the motion arguing that, under the terms of the Order, the spousal support order was coterminous with his child support obligation and, because the child support obligation had expired several years earlier, the spousal support order had also expired. The court examined the Order in the context of the transcript of the March 2008 hearing at which the court announced its determinations and concluded the proper construction of the intent of the order was that the *amount* set as spousal support was to continue until the child support obligation expired and the parties could revisit the *amount* after that time but, barring a motion and order establishing a new and different amount, the amount set as spousal support was to continue. The court ordered that the amount of spousal support set in the Order was to remain in effect and set arrearages owed by Denny to Catherine.

ANALYSIS

A. <u>Legal Principles</u>

The single issue presented is the construction of the Order. " 'The meaning and effect of a judgment is determined according to the rules governing the interpretation of writings generally. [Citations.] " '[T]he entire document is to be taken by its four corners and construed as a whole to effectuate the obvious intention.' " [Citations.] " 'No particular part or clause in the judgment is to be seized upon and given the power to

3

destroy the remainder if such effect can be avoided.' " [Citations.] [¶] Where an ambiguity exists, the court may examine the entire record to determine the judgment's scope and effect. [Citations.] The court may also " 'refer to the circumstances surrounding the making of the order or judgment, [and] to the condition of the cause in which it was entered.' " [Citations.]' " (*In re Marriage of Richardson* (2002) 102 Cal.App.4th 941, 948-949.)

The statutory rules governing the interpretations of contracts generally, which can include consideration of parol evidence, apply equally to judgments. (*In re Marriage of Iberti* (1997) 55 Cal.App.4th 1434, 1439.) Under parol evidence principles, "[t]he test of whether parol evidence is admissible to construe an ambiguity is not whether the language appears to the court to be unambiguous, but whether the evidence presented is relevant to prove a meaning to which the language is 'reasonably susceptible.' " (*Winet v. Price* (1992) 4 Cal.App.4th 1159, 1165.) Thus, language of a judgment is ambiguous if it is susceptible of more than one reasonable interpretation and, provided it supports a meaning to which the language is reasonably susceptible, extrinsic evidence is admissible to prove the intent of ambiguous terms in a marital judgment. (*In re Marriage of Iberti, supra*.)

Where the extrinsic evidence admitted to construe a judgment is not in conflict, we are not bound by the trial court's interpretation of the judgment but instead must apply de novo review to construe the judgment. (*Fox v. Fox* (1954) 42 Cal.2d 49, 52-53; cf. *Winet v. Price, supra,* 4 Cal.App.4th at p. 1166.)

4

B. Analysis

We must determine the intent of the language employed in the Order insofar as it ordered Denny to pay spousal support of $1220 per month starting in March 2008 and stated the Order "shall remain in effect for as long as there is a child support obligation." Denny argues the language plainly and unambiguously showed the intent was to reduce spousal support to zero within the next 19 to 31 months after the Order, because that was the timeframe within which his child support obligation would also end. Catherine contended below, and the trial court found, that the intent was the *amount* of $1220 per month "shall remain in effect for as long as there is a child support obligation," and that although the parties could thereafter "return to court . . . at the expiration of the child support obligation" to revisit whether the amount of $1220 remained appropriate, the ordered amount would continue absent a new and different order.

We conclude, considering the extrinsic evidence, the Order is reasonably susceptible to the interpretation that the intent of the Order was for the amount of $1220 per month to "remain in effect for as long as there is a child support obligation," and the ordered amount would continue absent a new and different order should either party decide to return to court after the expiration of the child support obligation to revisit whether the amount of $1220 remained appropriate. The transcript of the 2008 hearing supports this construction: the trial court in 2008, after announcing the amount would be $1220 per month, stated, "That is not a final order. That *goes on beyond* the child support" (italics added) and then recognized the parties are "continuing in flux" and therefore "it's important that the parties do come back to the court and revisit the issue of

5

spousal support, *if necessary*." (Italics added.) The court then reiterated it was not a final order, but instead that it was reserving jurisdiction and expected the parties would return "if they are not satisfied *with the current situation*" (italics added), which at that time was payment of $1220 per month as spousal support.

We also note other interpretive aids support the construction that we, along with the trial court, have adopted. First, Denny continued paying the amount of the ordered spousal support for a long period after he knew the child support obligation had expired, which places a practical construction on the ambiguous language. (See, e.g., *Alameda County Flood Control & Water Conservation Dist. v. Department of Water Resources* (2013) 213 Cal.App.4th 1163, 1202 [subsequent acts of the parties can shed light on intent of ambiguous language].) Second, this was a lengthy marriage, and our Supreme Court has held that courts should be reticent about terminating spousal support in lengthy marriages unless the record clearly shows the supported spouse will be able to adequately meet his or her financial needs at the time selected. (See *In re Marriage of Morrison* (1978) 20 Cal.3d 437, 453.) Denny's interpretation, if adopted, suggests the court intended to reduce Catherine's support to zero *immediately* on her youngest child's reaching an age at which she had graduated high school or might no longer need her mother's parental care, without providing any cushion of time for Catherine to begin the journey toward becoming self-supporting and without requiring any showing Catherine would in fact be able to become self-supporting during the time her daughter was still at home. There is nothing in the record suggesting that, at the time the spousal support order was entered, the court expected Catherine would be able to become self-supporting

6

while still having care of her minor child.  We believe the trial court correctly construed the Order and therefore affirm the judgment.

## DISPOSITION

The order is affirmed.  Catherine is entitled to costs on appeal.

McDONALD, J.

WE CONCUR:

BENKE, Acting P. J.

NARES, J.