[Civ. No. 16816.   Second Dist., Div. Three.   Oct. 7, 1949.]

JOAN WILLIAMS FIELDS, Appellant, v. HARRY DAVID FIELDS, Respondent.

Flint & MacKay for Appellant.

Leo Shapiro for Respondent.

SHINN, P. J.—On May 15, 1947, Mrs. Fields obtained an interlocutory decree of divorce on the grounds of extreme cruelty and adultery. The court made findings that there was community property of the marriage consisting of $9,385.60 in cash, 100 shares of common stock of Wilshire Music, Inc., such shares being one-half of the total stock issued and outstanding, and a Pontiac automobile worth $1,000; the 100 shares of stock were "of no value," and the reasonable value of all of the community property was $10,385.60; plaintiff was unable to support herself; her separate property produced no income and she had no other source of income; defendant was earning, as president and general manager of Wilshire Music, Inc., the sum of $200 a week, and was able to pay "for the support and maintenance of plaintiff *and in lieu of any further interest in the community property* the sum of $70.00 a week." By the decree, Mrs. Fields was awarded $8,577.26 and Mr. Fields was awarded $808.34 in cash, the 100 shares of stock, and the car. The decree further provided "that defendant pay to plaintiff as alimony and for the support and maintenance of plaintiff *and in lieu of any further interest in the community property of the parties* the sum of $70.00 each week . . . during the lifetime of plaintiff or until plaintiff shall remarry or until the further order of this Court." The words which we have italicized were added by the court to the findings and judgment, as prepared by counsel, under circumstances and for reasons which do not appear of record. Neither party challenged the decree by appeal or otherwise.

In January, 1948, upon an affidavit showing that his income had been reduced to $90 per week, plus an expense allowance of $50, defendant obtained an order to show cause why the "Order for Payment of Alimony" of May 15, 1947, should not be modified. Plaintiff's opposing affidavit, after stating that the weekly payments of $70 were "in lieu of any other award of community property," averred that "the only real item of community property referred to was stock in Wilshire Music, Inc., and all of this stock was assigned by the court to the defendant and, as aforesaid, to equalize any possible disproportionate division of the community property, defendant was ordered to pay $70.00 a week." Upon a

hearing before a different judge from the one who presided at the divorce trial, plaintiff's objection that the court lacked jurisdiction to modify the decree was overruled. After hearing evidence, the court made the order from which plaintiff appeals, modifying the decree by reducing the weekly payments to $55 per week.

The order is challenged solely upon the ground of want of jurisdiction in the trial court to modify the prior decree. It is, of course, accepted practice in the division of a community estate, for the court to award support money in lieu of a share of the property, or in addition thereto. (*Marshall* v. *Marshall,* 196 Cal. 761, 765 [239 P. 36]; *Wuest* v. *Wuest,* 72 Cal.App.2d 101, 110 [164 P.2d 32].) A decree awarding periodic payments for support and maintenance, pursuant to section 139 of the Civil Code, is, in appropriate cases, subject to modification; but where such payments to the wife are ordered solely as an integral feature in the adjustment of the property rights of the parties and as a method for distributing her awarded share of the property to her, the decree is final and conclusive in that regard and the court is without jurisdiction to thereafter modify it in collateral proceedings without the consent of the parties. (*Puckett* v. *Puckett,* 21 Cal.2d 833, 840 [136 P.2d 1]; *Leupe* v. *Leupe,* 21 Cal.2d 145, 148-149 [130 P.2d 697]; *DuPont* v. *DuPont,* 4 Cal.2d 227, 228 [48 P.2d 677]; *Cohen* v. *Cohen,* 150 Cal. 99, 103 [88 P. 267, 11 Ann.Cas. 520].) Appellant relies upon the last cited authorities as requiring a reversal of the modification order. We are constrained to hold to the contrary.

The interlocutory decree, and the findings upon which it was based, are ambiguous. Under the wording of the decree, as originally proposed by counsel, the weekly payments would unquestionably have been wholly alimony pursuant to section 139; whereas if they had been granted solely "in lieu of any further interest in the community property," as the court's insertion read, they would clearly have been related solely to an adjustment of property rights. As finally rendered, however, the decree contained language indicative of both purposes. In the absence of a definite specification as to the nature of the payments in the decree, the court below was required to make its own determination of that issue in the modification proceedings. (*Hough* v. *Hough,* 26 Cal.2d 605, 615-616 [160 P.2d 15], and cases there cited.) The order which was made must accordingly be construed as a finding that, at least to the extent of $15 per week, the

payments awarded by the decree were for alimony, and hence subject to modification. (See *Atlass* v. *Atlass*, 112 Cal.App. 514, 517 [297 P. 53].) Although the testimony of five witnesses was taken at the hearing it has not been incorporated in the record on appeal. However, we do not assume that this testimony was intended to be, or that it was, considered by the court in reaching its conclusion as to the meaning of the decree.

Analysis of the decree as a whole persuades us that the interpretation placed thereon by the court below was not only reasonable, but was more reasonable than that for which appellant contends. If, by the court's insertion, it had been intended to award the payments solely in settlement of property rights, such intention could have been readily manifested by simultaneously striking out the phrases, "as alimony and for the support and maintenance of plaintiff," and "or until the further order of this court." The latter phrases, while perhaps not decisive as to the nature of the payments (*cf., Rich* v. *Rich*, 44 Cal.App.2d 526, 530 [112 P.2d 780]; *Kohl* v. *Kohl*, 66 Cal.App.2d 535, 542 [152 P.2d 494]), are at least inconsistent with the theory that they are solely part of a property settlement. Similarly, the provision that the weekly payments were to continue until the death or remarriage of plaintiff rather than until a specific sum had been paid, does not preclude a holding that they are in lieu of specific property (see *Ettlinger* v. *Ettlinger*, 3 Cal. 2d 172 [44 P.2d 540]) although such provisions, without more, are generally regarded as indicative of alimony. (*Wylie* v. *Wylie*, 26 Cal.App.2d 167 [79 P.2d 152]; *Weedon* v. *Weedon*, 92 Cal.App.2d 367, 369 [207 P.2d 78].) That the failure to strike out the inconsistent terminology was not merely inadvertent appears to follow from the actual distribution made of the community assets. As previously noted, plaintiff was granted $8,577.26 out of total assets of $10,385.60. If, by the words inserted in the decree, the court had intended to indirectly award her the entire remaining community property through the medium of the weekly payments, the total difference of $1,808.34 would have been made up in six months. Manifestly, the sum of the required payments contemplated by the decree would in all probability greatly exceed the total value of the community assets awarded to defendant. It would seem that a substantial proportion of the weekly payments was intended to be in the nature of alimony. ■ Plaintiff's contention that the payments were

designed to offset a "disproportionate" distribution of assets arising out of the award to defendant of the shares of Wilshire Music, Inc., stock is unavailing. The mere fact that defendant's continued employment as an officer of the company may have been assured only through his ownership of the stock, is not necessarily inconsistent with the express finding that the stock was of no value as an asset of the community. That finding is now res judicata, and may not be challenged in the present proceedings. The court would have been clearly justified in concluding that the $70 per week payments were intended to be partly for alimony and partly in settlement of property rights. Modification of the alimony portion was within its reserved jurisdiction; and it cannot be said, upon the present record, that the order appealed from was not a permissible exercise of that jurisdiction. Appellant has not met the burden of making an affirmative showing of error.

Although the validity or propriety of the divorce decree itself is not before us (see *Bailey* v. *Bailey,* 60 Cal.App.2d 291, 296 [140 P.2d 693], reversing as an abuse of discretion a decree awarding $100 per month without indicating what proportions were for community property and alimony respectively) we think it appropriate to emphasize the necessity for avoidance of ambiguous provisions of the type here involved. Counsel should insist, and the trial court in divorce actions should see to it, that clear and concise findings are made as to the character of periodical payments of money awarded to the wife, whether or not a property settlement agreement is approved. (*Puckett* v. *Puckett, supra,* 21 Cal. 2d 833, 841; *Adams* v. *Adams,* 29 Cal.2d 621, 625 [177 P.2d 265] ; *Henzgen* v. *Henzgen,* 62 Cal.App.2d 214, 220-221 [144 P.2d 428].) Needless confusion and uncertainty will thereby be avoided, and the courts will not be subsequently burdened by vexatious problems such as those presently involved.

The order is affirmed.

Wood, J., and Vallée, J., concurred.