[Civ. No. 20460. First Dist., Div. Three. Jan. 7, 1963.]

MARTIN I. JACOBSON, Plaintiff and Appellant, v. ROBERTA G. JACOBSON, Defendant and Respondent.

Crist, Peters, Donegan & Brenner and Frank Lee Crist, Jr., for Plaintiff and Appellant.

Schofield, Hanson, Bridgett, Marcus & Jenkins, William R. Edgar and John A. Judge for Defendant and Respondent.

SALSMAN, J.—The appellant Martin I. Jacobson filed a motion to modify an order for the support of respondent, Roberta G. Jacobson. The order was based upon a property settlement agreement previously executed by the parties. At the hearing on the motion the respondent objected to the introduction of evidence on the ground that the court had no jurisdiction because the order sought to be modified was based upon an integrated property settlement agreement and therefore was not subject to modification. The appellant contended the agreement was modifiable by its own terms, or if not, it was ambiguous and hence extrinsic evidence was admissible to show that the parties intended by the language they used that the portion of the agreement relating to the support of respondent was subject to further order of the court. The trial court determined from its examination of the agreement that it was an integrated agreement; that it was not ambiguous, and that it was not subject to modification. The court sustained respondent's objection to the introduction of evidence and denied appellant's motion.

The relevant provisions of the agreement of the parties are these: "Whereas, certain differences have arisen between the parties hereto and their matrimonial relations have not been entirely pleasant or agreeable, and said parties are now separated, and said parties desire to adjust and settle fully and finally for all time between them all property rights of every kind and all claims and demands which either might make against the other of every kind and character, and particularly but not exclusively, as to all claims with respect to community property and any claims of the wife for alimony, sup-

port or maintenance; and Whereas, there is one child the issue of said marriage, namely, David Jacobson, . . . Now Therefore, in consideration of the premises and the mutual promises and undertakings herein contained, and for other good and valuable consideration, the parties agree that the property now owned or hereafter acquired by them shall be divided immediately as follows: . . . 4. The parties agree, subject to the provisions hereof and appropriate further order of the Superior Court of the State of California, that (a) The wife shall have the physical and legal custody of the said minor child. The husband shall have reasonable visitation privileges in respect to said child. (b) Husband hereby agrees to pay to the wife until her death or remarriage, or until the expiration of ten (10) years from the date hereof, whichever is sooner, the sum of $300.00 per month as and for her support and maintenance, and further agrees to pay to wife as and for the support and maintenance of the aforesaid minor child, the sum of $100.00 per month. The aforesaid payments for support and maintenance of the wife and of said minor child shall be paid on or before the 15th day of each month, commencing with the 15th day of March, 1960. . . .''

 Since the trial court received no extrinsic evidence relating to the written agreement, its construction presents purely a question of law. Under such circumstances an appellate court is not bound by the interpretation placed upon the instrument by the trial court but it is the duty of the appellate court to make its own determination in accordance with applicable principles of law. (*Estate of Platt,* 21 Cal.2d 343, 352 [131 P.2d 825]; *Meyer* v. *State Board of Equalization,* 42 Cal.2d 376, 381 [267 P.2d 257]; *Lane* v. *Lane,* 117 Cal.App.2d 247, 251 [255 P.2d 110].)

We have examined the agreement and cannot agree that it is free of ambiguity. Paragraph 4 of the agreement begins with this introductory sentence: ''The parties agree, subject to the provisions hereof *and the appropriate further order of the Superior Court of the State of California,* that:'' (Emphasis added.) Two subparagraphs follow. The first subparagraph relates to custody of the child of the parties and to visitation privileges of the appellant. The second subparagraph provides for support payments for respondent and for support payments for the child. The appellant earnestly contends that the introductory sentence to paragraph 4 clearly shows that specific authority is reserved to the Superior Court to alter support payments to be made by appellant to

respondent; on the other hand, the respondent, with equal vigor, contends that the agreement, considered in its entirety, demonstrates that no such power is reserved to the court. These contentions are made in good faith, and demonstrate to us that the parties themselves do not have a common understanding of the language used by them in their agreement. ▮▮ The fact that both parties in good faith question the true meaning of the words and phrases they have used in their agreement is of itself some evidence that the agreement is ambiguous. (*Chastain* v. *Belmont,* 43 Cal.2d 45, 51 [271 P.2d 498]; *California Emp. etc. Com.* v. *Walters,* 64 Cal.App.2d 554, 559 [149 P.2d 17].) Moreover, when paragraph 4 is considered in its entirety it is fairly susceptible to the construction placed upon it by appellant; when this same paragraph is read together with all other provisions of the agreement, the construction for which respondent contends is also reasonably possible. It is apparent to us, therefore, that the agreement is ambiguous.

▮ Where, as here, the written agreement before the court is ambiguous and its meaning uncertain, extrinsic evidence is admissible to explain what the parties meant by the language they have used. (*Beneficial etc. Ins. Co.* v. *Kurt Hitke & Co.,* 46 Cal.2d 517, 524 [297 P.2d 428].) The respondent contends that appellant's attempt to introduce extrinsic evidence to show that the support provisions of the agreement are subject to modification would in effect vary the terms of the writing and violate the parol evidence rule. (Civ. Code, § 1625; *Estate of Gaines,* 15 Cal.2d 255, 264, 265 [100 P.2d 1055].) Appellant, however, does not seek to alter or change the terms of the agreement. On the contrary, his position is that the agreement by its terms is subject to modification because of the express power reserved to the court, or if not, it is ambiguous and that extrinsic evidence is admissible to explain its meaning. From our examination of the agreement we have found it to be reasonably susceptible to the interpretation placed upon it by either of the parties. Without the aid of extrinsic evidence it is impossible to ascertain the true meaning of the language used or to determine the real intention of the parties. ▮ As the court said in *Woodbine* v. *Van Horn,* 29 Cal.2d 95 [173 P.2d 17] at p. 104: "When the language employed is fairly susceptible of either one of two constructions contended for, extrinsic evidence may be resorted to for the purpose of explaining

the intention of the parties. A contract may be explained by reference to the circumstances under which it was made, and the matter to which it relates. Also, for this purpose, conversations between and declarations of the parties during the negotiations at and before the execution of the contract may be shown. (Civ. Code, § 1647; Code Civ. Proc., § 1860; *Walsh* v. *Walsh*, 18 Cal.2d 439, 444 [116 P.2d 62]; *Wachs* v. *Wachs*, 11 Cal.2d 322, 326 [79 P.2d 1085]; *First Nat. Bank* v. *Bowers*, 141 Cal. 253, 262 [74 P. 856]; see Rest., Contracts, § 235(d), 242.)'' (See also *Beneficial etc. Ins. Co.* v. *Kurt Hitke & Co.*, 46 Cal.2d 517, 524 [297 P.2d 428].)

The defendant relies upon *Newhall* v. *Newhall*, 157 Cal. App.2d 786, 794-795 [321 P.2d 818], in which the court affirmed an order of the trial court which refused modification of a property settlement agreement. That case does not assert, however, that extrinsic evidence may not be received as an aid to the court in the interpretation of an ambiguous agreement. No extrinsic evidence appears to have been offered in that case. Moreover, and of decisive importance, the agreement in *Newhall* contained separate provisions relating to payments to be made to the wife, support for the children and custody of the children. The provisions in the agreement relating to custody and support of the children were each prefaced by the words ''subject to any future order of any court having jurisdiction of the subject matter of the following. . . .'' No such language appeared in the paragraph relating to the payments to be made to the wife. The court said: ''The words 'subject to any future order of any court having jurisdiction of the subject matter of the following' (custody and support of the children) recognized the power of the court to approve the agreement itself, the continuing jurisdiction of the court to modify the custody provisions, and the power to alter the child support provisions, upward only unless incident to a change of custody. That is all that the quoted words reasonably mean. They include no words of grant, no words conferring or reserving power to modify any of the terms of the agreement. The quoted words mean 'subject to' whatever power a court of competent jurisdiction may in its own right have (not derived from this agreement) to modify these child custody and support provisions of this integrated, inseverable property settlement agreement.''

In the case now before us the language ''subject to the . . . appropriate further order of the Superior Court''

appears as a preface to the entire paragraph which contains the provisions for support of both the wife and the minor child, and in this important respect the agreement differs from that before the court in *Newhall*. We have found the agreement to be ambiguous and since the extrinsic evidence offered by appellant has never been considered, it is apparent that appellant has not yet had his day in court.

The order denying appellant's motion is therefore reversed.

Draper, P. J., and Devine, J., concurred.