[Civ. No. 21104. First Dist., Div. One. April 21, 1964.]

ZOE E. ROBERTS, Plaintiff and Appellant, v. FAY A. ROBERTS, Defendant and Respondent.

Thompson & Thompson and Donald H. Smith for Plaintiff and Appellant.

Wyckoff, Parker, Boyle & Pope and Bruce A. Richardson for Defendant and Respondent.

BRAY, P. J.,—Plaintiff appeals from judgment reducing alimony.

## QUESTION PRESENTED.

Was the "Marriage Settlement Agreement" providing alimony an integrated agreement?

## RECORD.

There is no dispute as to the facts. June 5, 1957, after nearly 32 years of marriage, an interlocutory decree of divorce was entered granting plaintiff a divorce from defendant on the ground of extreme cruelty. During their married life defendant acquired a going grocery business and other assets. The interlocutory decree provided that defendant pay plaintiff "as and for her support, maintenance and alimony, the amount of $175.00 per month for the duration of her lifetime or until her remarriage. . . ." Thereinafter the court decreed that the marriage settlement agreement, a copy of which was attached to the decree "is hereby approved and confirmed, and incorporated in and made a part of this Decree by this reference thereto, the same as if each and every word thereof were set forth in full herein; and the parties are hereby required to perform their respective obligations as provided to be performed by them according to the terms of such Agreement."

Defendant has remarried. His health declined to such an extent that he was forced to discontinue active supervision of his business affairs. He filed a notice of motion for order reducing or temporarily suspending alimony payments.

Plaintiff moved to dismiss the motion on the ground, *inter alia*, that the agreement is an integrated one and that therefore the court lacked jurisdiction to modify it. Plaintiff moved for an order increasing the alimony. On the hearing affidavits as to the intent of the parties on the question of integration were considered.[1] The motion to dismiss was denied. Thereafter the court made an order denying plaintiff's motion to increase the payments, and reducing the payments to $75 per month and ordering defendant to pay plaintiff $150 attorney's fees. Plaintiff appeals from the order modifying the alimony.[2]

## INTEGRATED CONTRACT.

Whether or not the provisions in a property settlement contract between husband and wife, which contract is incorporated in a divorce decree, are such as to make those provisions integrated in the decree, thereby depriving the divorce court thereafter of the power to modify such provisions, is generally a difficult problem and one which has been presented to the California courts many times in recent years.

Justice Tobriner in *Carson* v. *Carson* (1960) 179 Cal. App.2d 665, 668-669 [4 Cal.Rptr. 38], discussed the question of the severability of the alimony and property division provisions thus: "A court may modify the terms of a property settlement agreement which has been incorporated into a divorce decree if it finds the provisions of the agreement as to the disposition of the property and as to alimony to be severable. . . . Since the law fixes the extent of the obligation of support, that power of the court continues even if the parties themselves have agreed upon the amount of alimony and included it, among other and separable provisions, in a property agreement. (*Hough* v. *Hough*, 26 Cal.2d 605 [160 P.2d 15] ; *Adams* v. *Adams*, 29 Cal.2d 621 [177 P.2d 265].)

"On the other hand, the court has no power to change the terms of a property settlement agreement that relates only to the division of the property. (16 Cal.Jur.2d 510-511.) Hence if in the agreement the provision for support is exchanged for a share of the community property, the

---

[1]The parties agree that integration of the contract is the only issue. No contention is made that the circumstances of defendant have not changed sufficiently to warrant the reduction granted by the court, if the court has the power to do so.

[2]Although the appeal is from the entire order, obviously plaintiff is not complaining of the award to her of attorney's fees.

**512**

agreement constituting an integrated all-embracing bargain, the court cannot modify its terms. . . .

"Thus the courts have been concerned with whether the agreement is in reality a settlement of property rights which includes as an integral part a support provision, or is nothing more than a separable support provision contained within the agreement. Only in the latter instance do the courts, in the exercise of their long recognized authority and responsibility arising from the relationship of the parties, retain the power to determine the support, and to modify, if necessary, the settled amount."

■ Plaintiff contends that in the agreement under consideration the support provision is integrated into and made a part of the property settlement, and hence may not be modified. On the other hand, defendant contends that the provision is not integrated and hence may be modified. The fundamental inquiry in determining the character of the agreement is as to the intent of the parties. (*Clark* v. *Clark* (1961) 198 Cal.App.2d 521, 529 [17 Cal.Rptr. 652]; *Baker* v. *Baker* (1961) 192 Cal.App.2d 730, 732 [13 Cal.Rptr. 772].)

■ "The absence in a property settlement agreement of any statement that the support provisions constitute reciprocal consideration for the property provisions is not conclusive if there is other proof of the parties' intent. . . .

■ "The fact that support payments may be designated 'alimony,' while entitled to some consideration in an effort to ascertain the intent of the parties, is not controlling. . . .

■ "Where a husband and wife have made provisions for support and maintenance an integral part of their property settlement agreement, the support payments will ordinarily have a dual character.

"To the extent they are designed to discharge the obligation of support and maintenance, they will ordinarily have the indicia of alimony; but to the extent they represent a division of community property itself, or constitute an inseparable part of the consideration for the property settlement, they are not alimony and accordingly cannot be modified without changing the terms of the property settlement agreement. (*Dexter* v. *Dexter, supra,* 42 Cal.2d at p. 41 [4] [265 P.2d 873])." (*Di Marco* v. *Di Marco* (1963) 60 Cal.2d 387, 391-392 [33 Cal.Rptr. 610, 385 P.2d 2].)

■ The fact that the provision for support is separately stated from the provision with respect to the division of the community property does not necessarily indicate that the provisions are severable.

 With the foregoing rules in mind we turn to the pertinent provisions of the agreement.[3] "They [the parties] wish to settle herein their respective rights in their community property and jointly held property, and rights and duties of support, maintenance and alimony." The agreement then lists the agreed community property. "The wife shall have and take, *as her share of the community property*, and the husband release to her as her separate property, the following: ..." (Italics added.) Certain property is then listed and "The husband shall have and take, *as his share of the community property*, and the wife release to him as his separate property, the following: ..." (Italics added.( Certain property is then listed. (Italics added.) "The husband hereby agrees to pay the following amounts of money in satisfaction of obligations hereby accepted by him.

"a. As and for the wife's *further share of community property*, the husband agrees to pay to her the sum of $5,500.00 without interest. ..." in certain installments (not support money here involved).

"b. As and for the wife's *further share of community property*," (Italics added) the husband is to pay certain insurance premiums.

"c. ... The husband agrees to assume and pay the balance of such loan ..." secured by deed of trust on the residence awarded her amongst the property hereinbefore mentioned. Then follows the significant paragraph.

"d. *As and for support, maintenance and alimony of wife*, the husband shall pay to her the sum of $175.000 per month, for the duration of her lifetime or until her remarriage whichever occurs first in point of time, such payments to commence on the first day of June, 1957, and be due and payable upon said first day of each month thereafter." (Italics added.)

"e." The husband is to pay the wife attorney's fees, costs and expenses incurred by her "in connection with the maintenance of her suit. ..."

"f" deals with the disposition of monies received from the sale, when made, of partnership business of the parties including payment to wife of balances due her on moneys in the agreement thereinbefore promised to be paid the wife. This does not refer to the support moneys.

---

[3]We refer only to the parts pertinent to the determination of whether the support payments are integrated.

"*VI . . . each party hereby relinquishes, waives and releases the other party from* (a) *All claims for alimony, maintenance or support* ..." (Italics added); all claims of one against the other as to rights of probate, homestead or family allowance; all rights of one as heir of the other; all rights to participate in the estate of the other and all claims "arising out of the marriage relationship. ..." "The provisions of this agreement shall be incorporated in any decree of divorce which may be obtained in any action for divorce. ..."

Comparing the provisions of this agreement with those in cases holding the agreements there to be integrated, it appears that this is an integrated agreement. In *Dexter* v. *Dexter* (1954) 42 Cal.2d 36 [265 P.2d 873], the agreement provided: " 'The said parties desire to effect a division of their community property and to provide for the support and maintenance of [plaintiff] and said children. ...' " (P. 38.) Our agreement provides, "They [the parties] wish to settle herein their respective rights in their community property and jointly held property, and rights and duties of support, maintenance and alimony." In *Plumer* v. *Plumer* (1957) 48 Cal.2d 820 [313 P.2d 549], the agreement provided that the parties desired " 'to effect a final and complete settlement of their respective property rights, support, alimony and custody of their child with reference to their marital status and to each other.' " (P. 822.) In *Di Marco* v. *DiMarco, supra,* 60 Cal.2d 387, the agreement provided that the parties " 'desire to settle all their respective property and other rights. ... The parties do hereby release each other and relinquish to each other all right of support, alimony or community property rights, including the right to inherit ... except as herein provided, and do accept this agreement ... in full settlement of any and all rights arising out of their marriage, except as herein provided. ...' " (Pp. 389-390.)

In *Plumer, supra,* 48 Cal.2d at page 822, "each party releases the other from all present and future claims and rights to support, separate maintenance, alimony, court costs, attorneys' fees, and all property rights of every kind except rights to support, separate maintenance, alimony, court costs, as provided for in the agreement." In *Dexter, supra,* 42 Cal.2d at page 39, the agreement provided, "Other than as expressly provided for herein, the respective parties hereto do hereby release the other party hereto respectively from any and all right of support, care and maintenance, as the husband or wife, respectively, of the other party."

In our case the agreement provides, "Except as hereinafter provided, each party hereby relinquishes, waives and releases the other party from (a) All claims for alimony, maintenance and support; (b) All claims that either party may have against the other or the property of the estate including all rights of probate, homestead or family allowance; (c) All rights as an heir of the other party or to act as personal representative of the estate of the other; (d) All rights to participate in the distribution of the estate of the other or in any benefits thereof; and (e) All claims which either party may have against the other arising out of the marriage relationship existing between them."

A study of the agreement makes crystal clear the fact that the parties were adjusting for all time all possible rights between them and that they were making an integrated agreement. They seemed to go to considerable length to mention any possible rights which existed or might exist as a result of their marriage and to integrate in the agreement a settling of such rights. The agreement to pay alimony to the wife for life or until remarriage was "in satisfaction of obligations hereby accepted by him [defendant]," and except as provided, namely, the payment to the wife of $175 per month, the wife relinquished the husband from "All claims for alimony, maintenance or support ..." How, then, could the wife claim that the husband pay her more than $175 per month for alimony, when she had agreed as part of the settlement of "their respective rights in their community property and jointly held property, and rights and duties of support, maintenance and alimony" to accept $175 per month? And obviously if she were bound not to receive more than that amount, the husband was likewise bound not to pay her less than that amount. Plaintiff's waiver of support, other than the $175 per month, is similar to that discussed in *Messenger* v. *Messenger* (1956) 46 Cal.2d 619, 626 [297 P.2d 988] : "Moreover, as in *Fox* v. *Fox, supra,* at page 52 [42 Cal.2d 49 (265 P.2d 881)], the wife waived 'all right to future maintenance and support from or by the said husband, except as herein otherwise provided,' i.e., in paragraph 3. Her express promise not to seek alimony except as provided in the agreement could not 'be abrogated without changing the property settlement agreement of the parties.' (*Ibid.*) Similarly, since this waiver was part of the consideration for the husband's agreement to make the support payments, he likewise could not seek a modification thereof with-

516

out changing the property settlement agreement of the parties. It is clear, therefore, that if the parties meant the maintenance and support provisions to be alimony separable from a division of the property they would not have included this waiver (see *Helvern* v. *Helvern*, 139 Cal.App.2d 819, 829-830 [294 P.2d 482]), for an order allowing alimony is subject to revision at any time. (*Hough* v. *Hough*, 26 Cal.2d 605, 612 [160 P.2d 15].)''

 Applicable to the agreement in our case is the following from *Dexter* v. *Dexter, supra,* 42 Cal.2d 36, 41: "It is clear that the parties executed such an agreement in this case. They expressly stated that they intended finally to settle both the division of their property and their rights and duties with respect to support and maintenance, and each party waived 'any and all right to support, care and maintenance' other 'than as expressly provided for herein.' It would be contrary to the clearly expressed intention of the parties to hold that the provision for monthly payments constituted a separable agreement for the payment of alimony subject to the continuing jurisdiction of the court to modify.''

''Frequently, in such agreements, there appears an express waiver by the wife of any right to support and maintenance, other than as provided in the agreement, in consideration of the wife's receiving the major portion of the community property. *Such express waiver is conclusive evidence that the support provisions are inseverable from the property division provisions.* [Citations.]'' (Italics added.) (*Helvern* v. *Helvern* (1956) 139 Cal.App.2d 819, 830 [294 P.2d 482].)

In *Plumer, supra,* 48 Cal.2d at page 825, the court stated: "An agreement providing that the purpose of the parties is to reach a final settlement of their rights and duties with respect to both property and support, that they intend each provision to be in consideration for each of the other provisions, and that they waive all rights arising out of the marital relationship except those expressly set out in the agreement, will be deemed conclusive evidence that the parties intended an integrated agreement. [Citations.]'' All of the provisions there stated are found in the agreement in the case at bench, save only an express provision to the effect "that they intend each provision to be in consideration for each of the other provisions,'' and as stated in *Plumer, supra,* page 825, ''Even absent one or more of the foregoing provisions, there may be other proof that the parties intended

an integrated agreement.'' Taking the agreement in our case by its four corners it is evident that the parties did so intend each provision.

''There is no inflexible standard for measurement of the intent of the parties; the question is the same as in the interpretation of any other agreement,—an ascertainment of the intention of the parties as expressed through the language adopted by them. The document is to be viewed from and within its four corners. ...'' (*Kelley* v. *Kelley* (1957) 151 Cal.App.2d 228, 233 [311 P.2d 90].)

The agreement is not ambiguous in the respect we are considering and hence parol evidence was not admissible to vary its terms. That the absence of a provision to the effect that each provision is consideration for each other provision, and an express statement that the payment of $175 per month is in consideration for the division of the community property does not make the agreement nonintegrated is well shown by the fact that in *Plumer, supra,* the agreement *there* held to be integrated did not contain either of these provisions, yet the court said (and its statement applies to our agreement) : ''Under the foregoing rules the agreement in the present case is clearly integrated. It deals both with rights to marital property and rights to support. The parties have set forth their purpose 'to effect a final and complete settlement of their ... rights ... with reference to their marital status and to each other.' They have released each other from all claims arising out of the marital relationship except as provided in the agreement. The inference is clear that the parties intended an integrated agreement. It is not necessary that the parties expressly recite such an intent when the agreement itself makes the intent clear. (*Dexter* v. *Dexter, supra,* 42 Cal.2d at p. 41.)'' (P. 825.) Moreover, in *Di Marco* v. *Di Marco, supra* (Cal.App.) 29 Cal.Rptr. 302, cited by defendant, the District Court of Appeal held that because the agreement did not contain an express statement that the provision for payment of alimony was in consideration for the division of the community property, the agreement could not be an integrated one. Yet the Supreme Court, which granted a hearing, reversed the District Court of Appeal and held that in spite of the absence of such a provision the agreement was an integrated one. (*Di Marco* v. *Di Marco, supra,* 60 Cal.2d at p. 392.)

''While an express provision that monthly payments to the wife are to cease upon her death or remarriage may

518

commonly be found in agreements or judgments providing for an award of alimony, support or maintenance [citations], a provision for periodical payments in settlement of property rights may also so provide without thereby transforming the payments into the nature of alimony, support or maintenance, since there is no impediment to the parties so agreeing. [Citations.] It was said in the *Fields* case [94 Cal.App. 2d 56 (209 P.2d 977)] at page 59: 'Similarly, the provision that the weekly payments were to continue until the death or remarriage of plaintiff rather than until a specific sum had been paid, does not preclude a holding that they are in lieu of specific property [citation] although such provisions, without more, are generally regarded as indicative of alimony.'

■ " 'Individual clauses or provisions of a judgment, just as in a contract or any other document, are not to be separately considered and construed but, on the contrary, the entire document is to be taken by its four corners and construed as a whole to effectuate the obvious intention.' [Citation.]" (*Yarus* v. *Yarus* (1960) 178 Cal.App.2d 190, 200-201 [3 Cal.Rptr. 50].)

■ It is only where the agreement is ambiguous on its face that parol evidence is admissible to determine the intent of the parties. ■ "As clearly stated in *Estate of Gaines*, 15 Cal.2d 255, at page 264 [100 P.2d 1055]: 'The parol evidence rule, as is now universally recognized, is not a rule of evidence but is one of substantive law. It does not exclude evidence for any of the reasons ordinarily requiring exclusion, based on the probative value of such evidence or the policy of its admission. ■ The rule as applied to contracts is simply that as a matter of substantive law, a certain act, the act of embodying the complete terms of an agreement in writing (the "integration"), *becomes the contract of the parties.* The point then is, not how the agreement is to be proved, because as a matter of law the writing is the agreement. Extrinsic evidence is excluded because it cannot serve to prove what the agreement was, this being determined as a matter of law to be the writing itself. ■ The rule comes into operation when there is a single and final memorial of the understanding of the parties. When that takes place, prior and contemporaneous negotiations, oral or written, are excluded; or, as it is sometimes said, the written memorial supersedes these prior or contemporaneous negotiations. [Citations.]' " (*Yarus* v. *Yarus, supra,* 178 Cal.App.

2d at p. 197; see also *Beneficial etc. Ins. Co.* v. *Kurt Hitke & Co.* (1956) 46 Cal.2d 517, 524 [297 P.2d 428]; *Jacobson* v. *Jacobson* (1963) 211 Cal.App.2d 580, 583 [27 Cal. Rptr. 579].) ▮▮▮ Over the objection of plaintiff the court at the hearing admitted evidence to show the intention of the parties. This evidence should not have been admitted, as the agreement is not ambiguous. Therefore, the interpretation placed upon the agreement by the trial court is not binding on this court on appeal. (*Fox* v. *Fox* (1954) 42 Cal.2d 49, 52 [265 P.2d 881]; *Messenger* v. *Messenger, supra,* 46 Cal.2d 619, 626.)

At the hearing, over the objection of plaintiff, the declaration under penalty of Attorney Lee Pope, the attorney who represented defendant in the negotiations leading up to the execution of the agreement, was admitted. The statements therein contained, although difficult to reconcile with the provisions of the agreement, would support the court's finding that the parties did not intend the agreement to be integrated. As parol evidence should not have been admitted, we do not deem it necessary to set forth the contents of this declaration nor the contents of plaintiff's declaration in conflict therewith.

The judgment is reversed.

Sullivan, J., and Molinari, J., concurred.

A petition for a rehearing was denied May 21, 1964, and respondent's petition for a hearing by the Supreme Court was denied June 16, 1964. Peters, J., was of the opinion that the petition should be granted.