[Civ. No. 29672.   Second Dist., Div. Four.   Mar. 13, 1967.]

ROSE M. LEE, Plaintiff and Appellant, v. LEO LEE, Defendant and Respondent.

Charles L. Lippitt for Plaintiff and Appellant.

Melvin Small for Defendant and Respondent.

KINGSLEY, J.—Plaintiff appeals from an order denying her motion to modify the support provisions of a final decree of divorce. The order was based on the ground that the decree was based on an integrated property settlement agreement. We reverse the order.

In the property settlement agreement, after a long, and carefully drafted portion dividing the community property of the parties, there appears the following provision dealing with the support of the wife: ''Husband has conveyed to wife as her sole and separate property, community property in excess of the one-half distribution of said community property; said division was intended by husband and is hereby acknowledged by wife, to be a lump sum alimony settlement.

''Husband agrees to pay wife as alimony and for her support and maintenance, in addition to the foregoing settle-

ment as made, the sum of $100.00 per month, which said sum shall be paid on the 1st day of each month, commencing with the 1st day of June, 1963.''

Under the heading ''Mutual Release and Waiver,'' the agreement provides: ''Excepting only those interests herein expressly created or specified as continuing to subsist, each party releases the other from all rights, claims, demands and actions of any and every description whatsoever, which said party now owns, has or claims, or at any time heretofore has owned, had or claimed against the other and all rights in or to property, whether community or separate except for this Agreement, to which the other is entitled hereby, and all other rights, which except for this Agreement might be asserted by either party against the other or the property or estate of the other; and, without limitation upon the foregoing, each party waives and releases all rights to inherit, by laws of intestate succession, the whole or any part of the estate of the other left at his or her death, and all rights to act as administrator or administratrix of the estate of the other, unless so inheriting or so appointed by will, whenever executed. *The wife specifically reserves her rights to alimony as set forth more fully herein,* and the husband specifically waives any and all rights to alimony, support, maintenance or other such payments whatsoever, said reservation by the wife and said waiver by the husband being in consideration of the transfers, covenants and other matters herein contained.'' (Italics added.)

In addition to the provisions above quoted, the agreement contains another provision, on which respondent particularly relies: ''This Agreement is entire. The parties may not alter, amend or modify it, except by an instrument in writing executed by both of them. It includes all representations of every kind and nature made by each of them to the other. This agreement shall be binding—if approved by the Court and if merged in an interlocutory judgment of divorce resulting from an action already filed by Rose M. Lee upon and inure to the benefit of both parties and their heirs, executors, administrators, successors, and assigns. This Agreement is entered into in view of the fact that Rose M. Lee has filed the action for divorce above-mentioned, in the Superior Court of Los Angeles County, Action No. 629 717. This Agreement will take effect only if the Court grants Rose M. Lee, as a result of this action, an interlocutory judgment of divorce; and this Agreement is dependent and conditional upon its merger into such judgment. The execution and delivery by either of the

parties of any and all instruments mentioned in this Agreement is dependent and conditional upon the granting by the Court of such a judgment in the action filed by wife. The effect of this Agreement in the action mentioned above shall be that of stipulation by the parties thereto and shall be presented to the Court by stipulation made by the parties in open court.''

Based on the provisions above quoted, the parties have argued with vigor whether or not the agreement was ''integrated'' so as to bar the trial court from any modification of the support provision. But that issue is no longer open for determination. Pursuant to the provision last quoted, the agreement was submitted to the court in the divorce action. There resulted a decree couched in the following terms:

''IT IS FURTHER ADJUDGED that the Property Settlement Agreement entered into on June 28, 1963 is approved; and the parties are ordered to carry into effect the executory provisions thereof.

''IT IS FURTHER ORDERED THAT DEFENDANT pay to plaintiff as and for alimony, support and maintenance the sum of $100.00 per month, which is payable on the 1st day of each month, commencing forthwith, and shall continue during the joint lives of the husband defendant and plaintiff or until the plaintiff shall remarry, but they shall cease upon the death of the defendant or on the death or remarriage of the plaintiff, or upon further order of Court in modification thereof.''

That decree, long since final, constituted a judicial interpretation of the agreement. Not only did the court interpret the provision for periodic support payments as being severable from the other covenants, by dealing with them in a separate paragraph, but it clearly, and in express terms, treated those payments as being subject to modification by future order of the court. Whether or not such interpretation is the one we would have made, it was within the power of the divorce court to make. Not having been challenged by appeal or otherwise, it is now an interpretation binding on the parties, on the trial court in the present proceeding, and on us.

The order appealed from is reversed; the case is remanded to the trial court with directions to hear, and determine on its merits, plaintiff's motion for modification of the alimony paragraph of the divorce decree.

Files, P. J., and Jefferson, J., concurred.