[Civ. No. 30406.   Second Dist., Div. Two.   June 5, 1967.]

BARBARA J. EGAN, Plaintiff and Appellant, v. GEORGE W. EGAN, Defendant and Respondent.

Webster & Tyson and Richard P. B. Tyson for Plaintiff and Appellant.

Richmond & Smith and Gilbert M. W. Smith for Defendant and Respondent.

ROTH, P. J.—In 1954 appellant Barbara J. Egan and her then husband, respondent George W. Egan, executed a property settlement agreement disposing of their property and providing for the support and maintenance of Barbara and the two daughters of the marriage: Sally, then 6½, and Patricia, then 2½, years old. The agreement was by reference incorporated into an interlocutory decree of divorce granted Barbara on March 25, 1954. The interlocutory decree specifically set forth payments required for maintenance and support of Barbara at $150 per month until death or remarriage, and $50 per month each for the support and maintenance of the children.

On September 21, 1965, pursuant to respective motions made by the parties, the trial court ordered an increase in the child support payments to a total of $250 per month, and a reduction in "alimony" payments to Barbara from $150 per month to $1.00 per year.

· Barbara appealed "from that portion of the order made September 21, 1965, denying plaintiff's motion to dismiss defendant's request for modification of plaintiff's support pay-

ments on the ground that the Property Settlement Agreement, which is incorporated in the Interlocutory Judgment of Divorce, is integrated." The appeal will be treated as having been taken from that portion of the order reducing the amount of support and maintenance for Barbara from $150 per month to $1.00 per year.

Appellant contends that the 1954 propertly settlement was integrated and therefore not subject to modification by the court.

The pertinent provisions of the agreement are as follows:

"This agreement is made and entered into this 11th day of February, 1954, by and between BARBARA J. EGAN, hereinafter referred to as the "Wife", and GEORGE W. EGAN, hereinafter referred to as the "Husband."

"The parties hereto contract with reference to the following facts:

".  .  .  .  .  .  .  .  .  .  .

"H. The parties desire by this agreement to make a full and final settlement of all their respective property rights, interests and claims in and to all property now owned by them, or either of them, or which they or either of them may hereafter acquire; to fully and finally settle and determine all rights and matters of maintenance, support, inheritance, and each and every claim of whatsoever nature that either of them may have against the other; and to settle and provide for the care, custody and education of the minor children.

"Now, THEREFORE, the parties hereto agree as follows:

"1. *Maintenance and Support of Wife.* The Husband shall pay the Wife the sum of $150 per month for her support and maintenance, payable on the 15th day of each month, commencing February 15, 1954, and continuing thereafter until the death or remarriage of the Wife. . . .

"In consideration of the payments herein provided for and the covenants and agreements of the Husband hereafter set forth, wherein the Wife receives, among other things, *substantially all of the community and joint tenancy property of the parties,* the Wife hereby waives and relinquishes all other rights to alimony, support and maintenance which she may have or hereafter acquire against the Husband, and, in particular, waives any right she may now have or hereafter acquire to increase the amount of the monthly payments made by the Husband for her support and maintenance in excess of the amounts herein provided for."

■ The fundamental inquiry in determining whether a property settlement agreement is integrated is the intent of the parties. (*DiMarco* v. *DiMarco*, 60 Cal.2d 387, 392 [33 Cal.Rptr. 610, 385 P.2d 2]; *Plumer* v. *Plumer*, 48 Cal.2d 820 [313 P.2d 549]; *Biagi* v. *Biagi*, 233 Cal.App.2d 624 [43 Cal. Rptr. 707]; *Heller* v. *Heller*, 230 Cal.App.2d 679 [41 Cal. Rptr. 177]; *Roberts* v. *Roberts*, 226 Cal.App.2d 507, 512 [38 Cal.Rptr. 176]; *Clark* v. *Clark*, 198 Cal.App.2d 521, 529 [17 Cal.Rptr. 652]; *Baker* v. *Baker*, 192 Cal.App.2d 730, 732 [13 Cal.Rptr. 772].)

In *DiMarco,* the court, commencing at p. 391, summarizes the indicia of an integrated agreement:

"(1) An agreement between husband and wife providing that the purpose of the parties is to reach a final settlement of their rights and duties with respect to both property and support, that they intend each provision to be in consideration for each of the other provisions, and that they waive all rights arising out of the marital relationship except those expressly set out in the agreement will be deemed conclusive evidence that an integrated agreement was intended. (*Plumer* v. *Plumer,* 48 Cal.2d 820, 825 [313 P.2d 549]; *Messenger* v. *Messenger,* 46 Cal.2d 619, 628 [297 P.2d 988].)

"(2) The absence in a property settlement agreement of any statement that the support provisions constitute reciprocal consideration for the property provisions is not conclusive if there is other proof of the parties' intent. No such statement appears in the property settlement agreement involved in *Plumer* v. *Plumer, supra.* (See also *Dexter* v. *Dexter,* 42 Cal.2d 36, 43 [265 P.2d 873]; *Clark* v. *Clark,* 198 Cal.App.2d 521, 531 [17 Cal.Rptr. 652]; *Grolla* v. *Grolla,* 151 Cal.App.2d 253, 259 [311 P.2d 547].)

"(3) The fact that support payments may be designated 'alimony', while entitled to some consideration in an effort to ascertain the intent of the parties, is not controlling. (*Messenger* v. *Messenger, supra,* 46 Cal.2d at p. 625; *Grolla* v. *Grolla, supra,* 151 Cal.App.2d at p. 258.)

"(4) The fact that a property settlement agreement looks to the future and is geared for revision upwards does not require an inference of severability. (See *Bradley* v. *Superior Court,* 48 Cal.2d 509 [310 P.2d 634]; *Burr* v. *Crellin,* 159 Cal.App.2d 275 [323 P.2d 830]; *Arthur* v. *Arthur,* 147 Cal. App.2d 252, 256 [305 P.2d 171]."

In *DiMarco,* the court then says:

"(5) Where a husand and wife have made provisions for

support and maintenance an integral part of their property settlement agreement, the support payments will ordinarily have a dual character.

''To the extent they are designed to discharge the obligation of support and maintenance, they will ordinarily have the indicia of alimony; but to the extent they represent a division of community property itself, or constitute an inseparable part of the consideration for the property settlement, they are not alimony and accordingly cannot be modified without changing the terms of the property settlement agreement. (*Dexter* v. *Dexter, supra,* 42 Cal.2d at p. 41.) ''

■ We accept the principle urged by appellant that when, as here, the ascertainment of intent does not depend on the credibility of extrinsic evidence but rests solely on the interpretation of a written instrument, this court is not bound by the trial court's determination but must make an independent interpretation of the document. (*Parsons* v. *Bristol Dev. Co.,* 62 Cal.2d 861, 865-866 [44 Cal.Rptr. 767, 402 P.2d 839].)

The property settlement agreement at bench, insofar as it is contended that support payments were integrated with division of assets and therefore cannot be disturbed, differs radically from that in *Roberts, supra,* upon which appellant heavily relies. In *Roberts,* the court emphasized that support and property provisions were made for the wife in the agreement'' . . . *as her share of the community property,''* or for the wife's ''*further share of community property.''* (*Roberts* v. *Roberts,* p. 513.) This was then followed by a waiver of *each* of the parties in respect of all claims for support and maintenance.

■ At bench, it is clear from the agreement itself, and specifically from the context of paragraph 1 thereof, and the manner in which it is set out in the agreement, that appellant waived her right to claim a future *increase* in support and maintenance payments for herself in consideration for not just her share of the community property, but substantially all of the community and joint tenancy property. The express provisions of the agreement at bench are contrary to any logical conclusion that the support provisions of the agreement were part of or intended to represent a division of the community property, as required by *DiMarco* and the cases cited therein. It seems clear to us from the language of the agreement quoted above that because respondent had transferred to appellant more than her share of the community and joint

tenancy assets, that the support and maintenance payments provided for were, for no purpose other than to place a maximum upon respondent's alimony obligation. The support and maintenance payments were not in aid of a division of said assets, but in consideration for appellant's agreement that she would at no future time ask for an increase in support and maintenance for herself. In these circumstances there seems to be a sound reason for the significant omission of a waiver by respondent of his right to seek a downward modification in the event of a change of circumstances which would warrant a reduction. Other than general language in the recital preceding paragraph 1, there is nothing in the agreement to suggest that George has waived the right to seek a *reduction* in monthly support payments to Barbara. Barbara's express waiver of her right to seek an increase in alimony, the fact that support and maintenance payments clearly are not a part of the division of assets, and the absence of a reciprocal waiver by George are patently persuasive that neither of the parties intended such a waiver.

Although it may often be persuasively argued that the "general" includes the "specific," the converse is not true. It would require a court to read into Barbara's specific waivers of certain of her rights a waiver of rights by George which is not set out in the agreement. In each of the cases principally relied upon by Barbara—*Plumer* v. *Plumer, supra,* at p. 822; *Biagi* v. *Biagi, supra,* at p. 630; and *Roberts* v. *Roberts, supra,* at p. 514—the agreement held to be integrated showed that support and maintenance payments were expressly made a part of the division of assets and each agreement contained an express and mutual waiver or release by both husband and wife, in general form, not thereafter limited, of all claims to support and maintenance. In *DiMarco* v. *DiMarco, supra,* at p. 390; *Messenger* v. *Messenger,* 46 Cal.2d 619, 623-624 [297 P.2d 988]; and *Dexter* v. *Dexter,* 42 Cal.2d 36, 41 [265 P.2d 873], relied upon by the courts in the cases stressed by Barbara, mutual general waivers were also present.

It seems clear to us that support and maintenance payments were by the terms of the agreement considered as a whole subject to revision downward.

Further, the interlocutory judgment entered in the divorce action after confirming the agreement and making its terms a part of the judgment by reference, does thereafter specifically provide: "1. The defendant shall pay the plaintiff the sum of

$150 per month for the support and maintenance of the plaintiff, payable on the 15th day of each month, commencing April 15, 1954, and continuing thereafter until the death or remarriage of the plaintiff.

In a somewhat similar situation this court said in *Lee* v. *Lee,* 249 Cal.App.2d 407, at p. 409 [57 Cal.Rptr. 327]:

''That decree, long since final, constituted a judicial interpretation of the agreement. Not only did the court interpret the provision for periodic support payments as being severable from the other covenants, by dealing with them in a separate paragraph, but it clearly, and in express terms, treated those payments as being subject to modification by future order of the court. Whether or not such interpretation is the one we would have made, it was within the power of the divorce court to make. Not having been challenged by appeal or otherwise, it is now an interpretation binding on the parties, on the trial court in the present proceeding, and on us.''

There is no merit in respondent's argument that appellant by accepting the fruits of that portion of the judgment which increased allowances for the children is estopped to appeal from the portion which reduces her support to $1.00 per year. The allowances to wife and children are completely severable. (*Gudelj* v. *Gudelj,* 41 Cal.2d 202, 214 [259 P.2d 656]; *DiGrandi* v. *DiGrandi,* 102 Cal.App.2d 442, 444-448 [227 P.2d 841].)

The portion of the order appealed from is affirmed.

Herndon, J., and Fleming, J., concurred.