[Civ. No. 29796.   Second Dist., Div. Two.   Mar. 23, 1967.]

HARRY RABWIN, as Executor, etc., Plaintiff and Respondent, v. MURRAY M. CHOTINER, Defendant and Appellant.

[Civ. No. 30306.   Second Dist., Div. Two.   Mar. 23, 1967.]

MURRAY M. CHOTINER, Plaintiff and Appellant, v. HARRY RABWIN, as Executor, etc., Defendant and Respondent.

(Consolidated Appeals.)

Murray M. Chotiner, in pro. per., for Defendant and Appellant in No. 29796 and for Plaintiff and Appellant in No. 30306.

Abe Feldman for Plaintiff and Respondent in No. 29796 and for Defendant and Respondent in No. 30306.

HERNDON, J.—These appeals have been consolidated by stipulation. The appeal in No. 29796 is taken from an order granting respondent executor's motion for the issuance of a writ of execution. The writ is designed to enforce provisions of an interlocutory judgment of divorce ordering appellant to make certain monetary payments in compliance with the executory provisions of a property settlement agreement. The appeal in No. 30306 is from the judgment adverse to appellant in an action for declaratory relief wherein he sought an adjudication of the question whether or not he was legally obligated to continue making the payments under the terms of the agreement accruing subsequent to the death of the divorced wife. Respondent is the executor of the will of the deceased wife.

The hearing on the motion for the issuance of the writ and the trial of the declaratory relief action were consolidated. In addition to the property settlement agreement and the interlocutory judgment, the record contains the testimony of appellant and his brother and certain documentary evidence. It appears that appellant is a practicing attorney with more than 30 years of experience and that he was represented in the divorce action by his brother, also an attorney. The evidence extrinsic to the agreement was introduced to prove (1) the extent and value of the community property existing at the time the agreement was executed; and (2) the intent of

the parties with respect to the nature and purpose of the payments which its provisions required appellant to make.

There is no dispute concerning the operative facts. Appellant Murray Chotiner and Ruth Huntley Chotiner were married on November 17, 1956. In 1961 they separated and the wife filed her action for divorce. During the pendency of this action they entered into a property settlement agreement, the pertinent provisions of which are quoted hereinafter. On January 22, 1962, an interlocutory judgment of divorce was entered. This judgment incorporated the agreement and ordered appellant to perform its executory provisions.

The net value of the community property was $38,525.32. Under the terms of the settlement agreement the wife took the house in which there was an equity valued at $32,500, together with the household furniture and furnishings at an agreed value of $2,500, or a total of $35,000. The remainder of the community assets valued at $8,963.12 were assigned to appellant and he assumed community debts totaling $5,437.80. The wife "quitclaimed and transferred to the husband as his sole and separate property all of her right, title and interest in and to the Wilshire Holding Company, together with any of its stock and assets" which the parties agreed was the separate property of the husband. The record contains no evidence as to the value of the husband's separate property.

The most pertinent provisions of the settlement agreement are found in the following paragraphs thereof:

"6. The parties hereto hereby accept the provisions herein made in full satisfaction of their rights to the community property, jointly held property, and separate property of the respective parties hereto, and it is understood and intended by the parties that each provision of this agreement is to be in consideration for each of the other provisions; it is clearly understood that the provisions pertaining to payments to the Wife are integrated into this agreement for the settlement of the property rights of the parties and the provisions of this agreement shall not be subject at any time to modification by any court, except by mutual consent."

"12. Each of the parties does hereby waive any claims that either may have for alimony or support, and except as provided for herein, each of the parties does hereby waive any claims that either may have for attorneys' fees or court costs in connection with the negotiations for and the preparation of this Settlement Agreement, and on account of any actions that have been or may be instituted by either of the parties

for a divorce, except to enforce the terms of this agreement or any court order or decree based upon said agreement.''

"15. Husband agrees to pay to Wife, as a division of property and not by way of alimony or support, this being an integrated agreement, the sum of $38,500.00 without interest, free of income tax liability to the Wife, payable as follows: $1,250.00 upon the signing of this agreement receipt of which is hereby acknowledged by the Wife; $1,250.00 upon the granting of an interlocutory judgment of divorce to either of the parties by a court of competent jurisdiction and the balance at the rate of $300.00 on the first and fifteenth days of each and every month commencing September 1, 1961. It is understood that the law does not permit Husband to take the payments as an income tax deduction and that Wife is not required to report them as taxable income.''

"17. Husband agrees to keep in force existing life insurance in the total face amount of $30,000 insuring his life with Wife named as beneficiary only to the extent that there remains unpaid to her any part of the sum of $38,500 provided for in paragraph 15.''

The wife died on July 10, 1964, and respondent was thereafter appointed executor of her will. The legal proceedings presently under review ensued. The trial court's findings of fact include the following:

"3. That on September 21, 1961, the plaintiff and the said Ruth Huntley Chotiner entered into a Settlement Agreement wherein, among other things, in Paragraph 15 thereof, the plaintiff promised to pay to the said Ruth Huntley Chotiner the sum of $38,500.00, as a division of property and not by way of alimony or support, said sum to be paid in installments of $1,250.00 upon the signing of the agreement, $1,250.00 upon the granting of the Interlocutory Judgment of Divorce, the balance being payable at the rate of $300.00 on the first and fifteenth of each month beginning September 1, 1961.

"4. In the Interlocutory Judgment of Divorce hereinabove referred to, the said agreement was approved and made a part thereof, and the said Murray M. Chotiner was ordered to fulfill all of the executory provisions thereof.

"5. The plaintiff made the payments as provided for in s¬id Interlocutory Judgment of Divorce in the total amount of $25,200.00, leaving a balance due and owing in the amount of $13,300.00 payable in accordance with the provisions of said Interlocutory Decree of Divorce.

"6. That said balance is a definite obligation owing by the plaintiff to the estate of Ruth Huntley Chotiner; that the consideration therefor is a division of property and not by way of alimony or support; that each party expressly waived as against the other any claims for alimony or support, and said obligation did not terminate upon the death of the said Ruth Huntley Chotiner; that said Settlement Agreement having been made a part of the Interlocutory Judgment of Divorce was merged therein and the said judgment is not subject to collateral attack.

"7. That the parties to said agreement accepted the provisions therein made, in full satisfaction of their rights to community property, jointly held property, and separate property of the respective parties, and both parties understood and intended that each provision of said agreement was to be in consideration for each of the other provisions; that said agreement is an integrated agreement, and that the provisions of said agreement are not to be subject at any time to modification by any court except by mutual consent."

On the basis of these findings the trial court concluded that appellant was obligated to pay to the wife's personal representative the unpaid balance of the $38,500 and rendered its declaratory judgment accordingly. Concurrently it ordered the issuance of the writ of execution in the divorce action to enforce collection of the amount found due, owing and unpaid.

The parties agree that the determinative issue is a narrow one. Appellant states it as follows:

"Are payments under an integrated settlement agreement incorporated in a judgment of divorce, where there is no provision making the agreement applicable to heirs and executors, and which are in excess of the community assets, to be construed as alimony terminated at death of wife?"

Respondent submits that "The only issue involved in this appeal is whether the obligation of the Appellant to pay to his wife $38,500.00 in installments as set forth in Paragraph 15 of the Settlement Agreement was truly a division of property as specifically designated therein or whether it was for support and maintenance and, therefore, subject to termination upon the death of the wife."

We have concluded that whether the issue is regarded as one of pure law involving only an interpretation of the plain language of the agreement itself or whether it be viewed as a mixed question of law and fact involving a determination of

the intent of the parties as expressed in the agreement and in the light of the extrinsic evidence, the decision of the trial court is unassailable.

The following statement of law found in *Bradley* v. *Superior Court*, 48 Cal.2d 509, 518-519 [310 P.2d 634], is applicable here: "And as already mentioned herein, the property settlement agreement itself declares that it 'intended . . . to refer only to property rights. . . .' It is, of course, also the rule that a decree is subject to modification if the payments therein provided are for alimony, maintenance or support, even though based on a property settlement agreement, but not if, as already determined in this case, they in themselves are an integral part of an adjustment of property rights. (*Codorniz* v. *Codorniz* (1950) 34 Cal.2d 811, 814 [215 P.2d 32]; *Hough* v. *Hough* (1945) 26 Cal.2d 605, 612-615 [160 P.2d 15].) Or, as declared in *Dexter* v. *Dexter* (1954) 42 Cal.2d 36, 41-42 [265 P.2d 873], 'to the extent that they [monthly payments] represent a division of the community property itself, or constitute an inseparable part of the consideration for the property settlement, they are not alimony, and accordingly cannot be modified without changing the terms of the property settlement agreement of the parties.' Neither the court nor the Legislature may impair the obligation of a valid contract (Cal. Const., art. I, §§ 1, 16) and a court cannot lawfully disregard the provisions of such contracts or deny to either party his rights thereunder. [Citations.]"

Appellant's reliance upon the decisions in *Herda* v. *Herda*, 48 Cal.2d 228 [308 P.2d 705]; *Hilton* v. *McNitt*, 200 Cal. App.2d 879 [19 Cal.Rptr. 688], and *Biagi* v. *Biagi*, 233 Cal. App.2d 624 [43 Cal.Rptr. 707], is misplaced. Indeed, so far as the law stated in these decisions is applicable to the case at bench, it is directly contrary to appellant's position.

The trial court here found and held, both as a matter of fact and of law, that appellant promised to pay the deceased wife the sum of $38,500 in installments, not as alimony but as an integral part of an adjustment of property rights. The language of the agreement is so clear and explicit on the subject as to leave no room for any reasonable doubt as to its meaning and effect. Appellant's testimony that it was his intention to pay this money to Mrs. Chotiner as a contribution toward her support obviously amounted to a contradiction of the intent expressed in the agreement to which he affixed his signature. No citation of authority is required to establish the

proposition that the wife's contractual rights under this agreement and under the uncontested judgment which commands performance of its executory provisions are vested rights which are enforceable by her personal representative.

The order and the judgment under review are affirmed.

Roth, P. J., and Fleming, J., concurred.

A petition for a rehearing was denied April 17, 1967, and appellant's petition for a hearing by the Supreme Court was denied May 17, 1967.