Filed 10/9/23  Marriage of Berman CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| In re the Marriage of HAL and ELENA BERMAN. | B322045 |
| | (Los Angeles County Super. Ct. No. BD533449) |
| HAL BERMAN, Respondent, v. ELENA BERMAN, Appellant. | |

APPEAL from a postjudgment order of the Superior Court of Los Angeles County, David W. Swift, Judge.  Affirmed.

Action Legal Team and Michael N. Sofris for Appellant.

David Ingram Law and David L. Ingram for Respondent.

_____

In 2016, five years after Hal Berman petitioned for the dissolution of his marriage to Elena Berman, Hal and Elena[1] entered into a settlement agreement resolving all outstanding issues. In January 2022, after the family court had entered a judgment on reserved issues, Elena moved to rescind the settlement agreement. The family court denied the motion. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

1. *The Marital Dissolution Petition, Hal's Separate Property Declaration and the July 2016 Court Order for Sale of the Chatsworth Property*

Elena and Hal married in 2003 and have a daughter, now 19 years old. According to a declaration by Hal, Elena and he, at the time both represented by counsel, had entered into a prenuptial agreement providing for the maintenance of separate property. When Hal petitioned for dissolution of the marriage on October 14, 2010, he listed as community or quasi-community property a residence in another country. His Judicial Council form separate property declaration included a residence in Chatsworth purchased in 2001[2] and his automobile business. Hal stated the debt on the Chatsworth property was $1,184,000.

On July 14, 2016 the family court ordered the Chatsworth residence listed for sale by Hal, with the net proceeds from the sale, along with funds equal to the amount necessary to release a

---

[1]  We refer to the Bermans by their first names for simplicity.

[2]  Hal's separate property declaration stated the Chatsworth property was purchased in May 2001. The record includes a copy of a grant deed recorded May 23, 2001 in which a third party transferred the Chatsworth property to Hal as an unmarried man.

deed of trust recorded in favor of Hal's parents, be maintained in Hal's attorney's client trust account, subject to disbursement on the parties' mutual written instructions or further court order. Elena was ordered to cooperate in the sale of the residence and to vacate it when shown to prospective purchasers.

2. *The 2016 Settlement Agreement*

Elena and Hal agreed to a global settlement of all issues relating to the dissolution of their marriage in 2016. The settlement agreement, signed by Elena on August 31, 2016 and by Hal on September 1, 2016, stated it was enforceable pursuant to Code of Civil Procedure section 664.6. The agreement provided Hal would deed the Chatsworth residence to Elena and waive his right to the equity in the home. In exchange for the lien securing the obligation owed to Hal's parents, Elena was to immediately pay $100,000 to Hal's mother and execute a note and deed of trust for $165,000, which would be subordinate to "any new first deed of trust in an amount not to exceed the sums required to pay the existing loans, liens, and encumbrances, and the immediate payment to Hal's Mother." Hal agreed to cosign "the first deed of trust loan to be obtained by Elena." Elena would cure the default on an existing secured bank loan to prevent foreclosure and assume all liens and encumbrances "with the exception of the parent loan" that the agreement had already addressed, including property taxes and homeowner association dues. If Elena were unable to cure the foreclosure before a specified date, she agreed to immediately repay funds advanced to cure the foreclosure concurrent with the transfer of title. Should Elena be unable to obtain financing to complete the transaction, funds

advanced to cure the foreclosure would be repaid from the proceeds of the sale of the residence.

The settlement agreement also provided for continuing monthly child support in an amount to be determined but no less than $2,500; Hal's provision of health insurance for their daughter; waiver of, and termination of jurisdiction over, spousal support; and waiver of support arrears. The parties further agreed they would be awarded their separate personal property, with community personal property to be determined by mutual agreement. Hal filed a copy of the settlement agreement in October 2016.

3. *The Post-settlement Orders for Sale of the Chatsworth Property and Cancellation of an Abstract of a Purported $323,270.60 Judgment Recorded by Elena*

On January 18, 2017 Hal filed a request for an order that the Chatsworth residence be sold for $1,795,000 to a specified third party. In a declaration in support of his request, Hal explained Elena had failed to comply with her obligations under the settlement agreement, requiring him to advance funds to avoid foreclosure by obtaining a new loan shortly before the bank's initial foreclosure sale date. According to Hal, Elena thereafter still refused to make loan payments, prompting additional notices of default. Hal asserted, if the offer of the prospective buyer was not accepted, the property would be lost to foreclosure. The family court granted Hal's request.

Elena moved for reconsideration of the order to sell the property, asserting the court had failed to consider whether the settlement agreement was valid. Elena also argued, even if the agreement was valid, Hal had breached it. Elena subsequently

4

requested the court take her motion for reconsideration off calendar.

On March 8, 2017 Hal filed a request for an order to approve the sale of the Chatsworth property to a different third party and to provide other relief that included granting Hal exclusive possession of the property and enjoining Elena from contacting the new potential buyer. Hal supported the request with the declaration of the property's listing agent, who averred Elena had interfered with the sale to the prior intended buyer in a variety of ways, which led to that individual's cancellation of the sale. Although another party had expressed interest, that new potential buyer required the property be vacant. During the delay caused by Elena's interference with the court-approved sale, Hal observed, interest had continued to accrue on the loans secured by the property. The court granted Hal's March 8, 2017 request the same day with a modification regarding the amount of net sale proceeds.

In April 2017 Hal filed a request for orders that included canceling a May 21, 2015 abstract of a purported June 29, 2012 judgment in the amount of $323,270.60. As shown by Hal's attorney's declaration and attachments, Elena had on April 7, 2015 recorded an abstract of the same purported judgment, which Elena admitted did not exist. Although the court in 2016 had ordered the April 2015 abstract of judgment canceled, Hal's attorney reviewed a preliminary title report showing Elena in May 2015 had rerecorded the April 2015 abstract of judgment. The court ordered the cancellation of the May 21, 2015 abstract of judgment and directed Elena not to record further documents relating to the Chatsworth property. The Chatsworth property was sold in mid-2017. After payment of loan balances and a

5

variety of other disbursements, Elena received the remaining funds from the sale.

4. *The Judgments and Elena's Efforts To Rescind the Settlement Agreement and Reinstate Her Writ of Execution of a Purported $323,270.60 Judgment*

On September 29, 2017 the court entered a status-only judgment, terminating the marriage and reserving jurisdiction over all other issues.

In March 2021 Elena filed what she captioned a trial brief seeking, among other relief, an order rescinding the settlement agreement and reinstating a June 29, 2012 writ of execution of a purported $323,270.60 judgment. Elena in her family court filings stated the writ of execution was based on an October 20, 2011 finding and order after hearing, which required Hal to pay monthly child and temporary spousal support in specified amounts, with double payments for the initial seven months to pay off an arrearage due Elena.[3]

By minute order dated November 1, 2021 the court reiterated the matter had settled in 2016 and vacated all future hearings. The order stated Elena was free to file any challenges to the settlement she wished.

On November 23, 2021 the family court entered judgment on reserved issues.[4] The judgment expressly provided for

---

[3]    We augment the record on our own motion to include the October 20, 2011 finding and order after hearing. (See Cal. Rules of Court, rule 8.155(a)(1)(A).)

[4]    The judgment, which was prepared on Judicial Council form FL-180, checked the box next to the preprinted text, "Judgment on reserved issues," as well as next to the preprinted text, "Judgment of dissolution is entered. Marital or domestic

6

property division and child and spousal support as set forth in the settlement agreement, which was attached, and further provided, "Each attachment to this judgment is incorporated into this judgment, and the parties are ordered to comply with each attachment's provisions. Jurisdiction is reserved to make other orders necessary to carry out this judgment." A notice of entry of the November 23, 2021 judgment was filed and served by mail on Elena and Hal that same day.

On January 21, 2022 Elena moved to rescind the settlement agreement and to reinstate the June 29, 2012 writ of execution. Contending the settlement agreement had never been incorporated in a judgment, Elena argued the court had authority to rescind the agreement and should do so because of Hal's breach of the agreement, his failure of disclosure, the illegality of the agreement's provision for waiver of support arrearages, and Hal's breach of his fiduciary duty to Elena.

Hal opposed Elena's motion by arguing there was no legal or factual basis to rescind the settlement agreement; Elena's motion was rife with factual misstatements; any claim for rescission was barred by the statute of limitations; Elena's arguments had previously been made to, and rejected by, the court; Elena, admitting her attorney reviewed the agreement before she signed it, received the benefit of her bargain; and her claims were further barred by the doctrines of estoppel, res judicata and collateral estoppel (issue preclusion). He also explained the court had entered a final judgment on reserved issues.

---

partnership status is terminated and the parties are restored to the status of single persons."

On May 31, 2022, at the conclusion of a hearing that same morning in which both parties were present, the family court orally denied Elena's motion to rescind the settlement agreement and reinstate her June 29, 2012 writ of execution. The court's one-page minute order provided no explanation for the denial of Elena's motion.

## DISCUSSION

On appeal Elena seeks reversal of the family court's May 31, 2022 order denying her motion to rescind the settlement agreement and to reinstate her writ of execution, contending the settlement agreement was never incorporated into a judgment. Relying on Family Code section 2128, subdivision (b), which, she asserts, reserves her right to seek rescission,[5] Elena in her opening appellate brief argues the sole issue for this court's determination is whether her rescission claim was barred by the four-year limitations period of Code of Civil Procedure section 337, subdivision (c).[6] Elena's appeal of the order denying the motion is fundamentally flawed.

If the parties' settlement agreement is incorporated into a judgment of dissolution, the "separation agreement is superseded by the decree, and the obligations imposed are not those imposed by contract, but are those imposed by decree, and enforceable as

---

[5] Family Code section 2128, subdivision (b), provides, "Nothing in this chapter changes existing law with respect to contract remedies where the contract has not been merged or incorporated into a judgment."

[6] Code of Civil Procedure section 337, subdivision (c), provides a four-year limitations period for "[a]n action based upon the rescission of a contract in writing."

8

such." (*In re Marriage of Corona* (2009) 172 Cal.App.4th 1205, 1220 [cleaned up]; accord, *Hough v. Hough* (1945) 26 Cal.2d 605, 609; see *Westinghouse Electric Corp. v. Newman & Holtzinger* (1995) 39 Cal.App.4th 1194, 1205 ["It has long been the rule in this state that a pre-existing agreement between the parties is extinguished upon its incorporation into a court order. Once the agreement is merged into the court's order, neither party any longer has a right of action based on the agreement because the obligations imposed are not imposed by the agreement but by the order and are enforceable as such through contempt and other sanctions available to the court"]; see also *Flynn v. Flynn* (1954) 42 Cal.2d 55, 58 ["[m]erger is the substitution of rights and duties under the judgment or the decree for those under the agreement or cause of action sued upon"].)[7] In determining whether a merger was intended, courts have considered: "'(1) recitals in the agreement which indicate that it is to be presented to the divorce court for aproval [*sic*] and/or incorporation in the decree; (2) the physical incorporation of the words of the agreement in either the body of the decree or as an exhibit attached thereto; (3) if not so attached, the extent to which the decree expressly purports to incorporate the provisions of the agreement, and the extent to which the agreement so incorporated can be identified from the terms of the decree; and (4) the extent to which the decree purports to order the performance of the terms of the

---

[7] "The question of whether or not a property settlement agreement is incorporated into a divorce decree so as to merge therein is one of law." (*Mitchell v. Marklund* (1965) 238 Cal.App.2d 398, 403; accord, *Biagi v. Biagi* (1965) 233 Cal.App.2d 624, 628.)

9

agreement.'" (*In re Marriage of Lane* (1985) 165 Cal.App.3d 1143, 1147-1148.)

Here, the settlement agreement was incorporated and merged into the November 2021 judgment of dissolution: The agreement's statement it was enforceable pursuant to Code of Civil Procedure section 664.6[8] indicated it was intended to be presented to the court for entry of judgment pursuant to its terms; and the agreement was later physically attached to and expressly incorporated in the judgment, which ordered compliance with its provisions. Accordingly, whatever the merits of Elena's contention Family Code section 2128, subdivision (b)'s reference to "contract remedies" includes rescission, Elena fails to establish entitlement to rescission under that statutory provision, which only applies "where the contract has not been merged or incorporated into a judgment." To be sure, although the settlement agreement, having been merged into the judgment, was superseded by it, such that "'the merger itself has extinguished the contract's obligations'" (*In re Marriage of Jones* (1987) 195 Cal.App.3d 1097, 1104), the underlying obligations nevertheless became enforceable as imposed by the November 2021 judgment. Yet Elena neither appealed the judgment nor sought to set it aside.

Selectively quoting the family court's statements at the hearing on her rescission motion, Elena argues the court denied

---

[8]     Code of Civil Procedure section 664.6, subdivision (a), provides in part, "If parties to pending litigation stipulate, in a writing signed by the parties outside of the presence of the court or orally before the court, for settlement of the case, or part thereof, the court, upon motion, may enter judgment pursuant to the terms of the settlement."

the motion solely based on the statute of limitations. At the hearing, however, the court provided additional bases for denying her motion, including that it lacked the ability and grounds to rescind the settlement agreement.

Moreover, when, as here, there is no statement of decision, we infer all findings in favor of the family court's order under the doctrine of implied findings. (*In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133-1134; see *Hall-Villareal v. City of Fresno* (2011) 196 Cal.App.4th 24, 34-35.) "The doctrine of implied findings requires the appellate court to infer the trial court made all factual findings necessary to support the judgment. [Citation.] The doctrine is a natural and logical corollary to three fundamental principles of appellate review: (1) a judgment is presumed correct; (2) all intendments and presumptions are indulged in favor of correctness; and (3) the appellant bears the burden of providing an adequate record affirmatively proving error." (*Fladeboe v. American Isuzu Motors Inc.* (2007) 150 Cal.App.4th 42, 58; see also *Marriage of Arceneaux*, at p. 1133.) Although Elena briefly mentions she had requested a statement of decision, she does not contend the court's May 31, 2022 order should be reversed and the case remanded for the court to issue one. In any event, she provides no cogent argument, with citation to legal authority, why the family court was required to issue a statement of decision under the circumstances here[9] and thus has forfeited any argument the

---

[9] Elena's request for a statement of decision was made pursuant to Code of Civil Procedure section 632. Even assuming the hearing on the motion constituted a "trial of a question fact" within the meaning of section 632, because the hearing took place on a single morning, Elena's request for a statement of decision

court erred in failing to issue one.  (See *WFG National Title Ins. Co. v. Wells Fargo Bank, N.A.* (2020) 51 Cal.App.5th 881, 894 ["In order to demonstrate error, an appellant must supply the reviewing court with some cogent argument supported by legal analysis and citation to the record. . . .  [W]e may disregard conclusory arguments that are not supported by pertinent legal authority"]; *Cahill v. San Diego Gas & Electric Co.* (2011) 194 Cal.App.4th 939, 956 ["'[t]he absence of cogent legal argument or citation to authority allows this court to treat the contention as waived'"].)

## DISPOSITION

The May 31, 2022 order is affirmed.  Hal is to recover his costs on appeal.


PERLUSS, P. J.

We concur:


SEGAL, J.


MARTINEZ, J.

---

10 days later was untimely under that statute.  (See Code Civ. Proc., § 632 [request for statement of decision for a trial concluded within one calendar day must be made prior to the submission of the matter for decision].)